### In re CHARGE OF JUDICIAL MISCONDUCT.

#### No. 81–8008.

The Judicial Council of the Ninth Circuit.

Aug. 27, 1982.

Before WRIGHT, GOODWIN, KENNEDY, and PREGERSON, Circuit Judges, and VON DER HEYDT, REAL, and KING, District Judges.*

### ORDER

This petition for review by the Judicial Council stems from one of three complaints of judicial misconduct filed in late 1980. The three complaints related to the same two federal judges and were dismissed by order of the Chief Judge of the Ninth Circuit in May, 1981. In March, 1982, one of the three complainants filed a document which the Judicial Council construes for the purposes of this order as a request for review pursuant to 28 U.S.C.A. § 372(c)(10) (Supp.1982).

The complaints arose primarily from rulings made by two judges in regards to a Chapter X bankruptcy reorganization. The bankruptcy proceeding involved a company

* CHIEF JUDGE BROWNING did not participate in the consideration or decision of this matter.

which had purportedly conducted a complex land fraud scheme.

The complaints described a series of actions allegedly taken by officers of the bankrupt to defraud investors through the transfer of land and worthless mortgage contracts. It was asserted that court appointed trustees furthered the fraud during the bankruptcy proceedings by, *inter alia,* disposing of victims' interests without providing notice, transferring land to parties at prices substantially below market value, and failing to disclose clear evidence of fraud by officers of the bankrupt.

■ The charges against the judges accused them of erring, or engaging in misconduct, by making rulings which aided the officers' and trustees' fraudulent scheme and by neglecting to take actions to protect victims. Because each of the rulings or failures to rule could have been appealed to the district court or the court of appeals, the Chief Judge dismissed the complaints. He reasoned that appellate review, not the procedures for judicial misconduct, was the proper remedy. We agree with that analysis.

The statute embodying the procedures for judicial misconduct states: "[T]he chief judge ... may dismiss the complaint, if he finds it to be ... directly related to the merits of a decision or procedural ruling...." 28 U.S.C.A. § 372(c)(3) (Supp. 1982). The legislative history of the law further provides: "The legislation does not encompass complaints relating to the merits of any decision or procedural ruling of a judge nor to any matter reviewable under any other provision of law on the record." S.Rep.No.362, 96th Cong., 2d Sess. 3, *reprinted in* [1980] U.S. Code Cong. & Ad. News 4315, 4317.

■ There is, therefore, a statutory directive for dismissal of complaints of judicial misconduct which in substance are simply objections to substantive or procedural error. This principle is supported by compelling policy. To determine whether a judge's rulings were so legally indefensible as to mandate intervention would require the same type of legal analysis as is afforded on appeal. More important, in such cases the gravamen of the complaint is not the fitness of the judge, but the merit of his decision. Disciplinary procedures must not be used to correct judicial mistakes.

The Chief Judge correctly cited this principle as the basis for dismissal here. Even if there were multiple legal errors in the handling of this case, and we do not intimate that there were, such matters were entirely cognizable in the ordinary course of appellate review.

We need not reject the possibility of an exceptional case developing where the nature and extent of the legal errors are so egregious that an inference of judicial misconduct might arise, but that would be a rare case, and it has not occurred here. We note, moreover, that there is neither an assertion nor evidence that the judges acted with improper motive or had any improper links to the trustees accused of wrongdoing.

As to the trustees, their actions are beyond the purview of the Misconduct Procedures. *See* 28 U.S.C.A. § 372(c)(1) (Supp. 1982).

The petition for review is therefore ordered dismissed.