**In re Petition of John DOE \*.**

**JCP No. 95–029.**

United States Court of Appeals,
Eighth Circuit.

Nov. 8, 1995.

* Pursuant to Rule 4(f)(1) of the Rules for Processing Complaints Against Judges and Magistrates of the Eighth Circuit, the names of the complainant and the judicial officer whose conduct was complained of are to remain confidential.

Before HANSEN, Circuit Judge, in Chambers, acting as a single judge pursuant to 28 U.S.C. § 372(c)(2).

## ORDER ON COMPLAINT OF ALLEGED JUDICIAL MISCONDUCT

HANSEN, Circuit Judge.

This is, according to the complainant's counting, the eleventh serially filed complaint by the same complainant against a number of United States district and circuit court judges originally arising out of the merits of two district court decisions made by two district judges in the complainant's cases against John W. Shannon, et al., and Togo D. West, Jr., et al. The United States Circuit Judge complained against in the instant complaint was a member of the panel of Eighth Circuit judges which dismissed the complainant's direct appeal of one of the cases for lack of jurisdiction. The complainant then filed a judicial complaint (JCP No. 94–032) against the judicial officer (and the other panel members as well), which complaint was dismissed by the Chief Judge on January 30, 1995. Thereafter, the same judicial officer was called upon to decide the judicial complaint (JCP No. 95–014) filed by the complainant against the previous judicial officer who had decided the complainant's prior serial complaint (JCP No. 95–011). It was the respondent judge's decision on the complainant's complaint in JCP No. 95–014 which prompted the complainant to file the instant complaint.

The complainant has filed a successive complaint against each judicial officer who has been required to examine and rule upon the complainant's complaint(s), beginning with the Chief Judge's action in dismissing the complainant's original complaint (JCP No. 94–027) against a district judge. In addition, the complainant has elected to petition the Judicial Council of the Eighth Circuit for a review of the dismissal of each of the successive complaints. The Judicial Council has affirmed the action of each judicial officer with respect to each of the complainant's complaints. In the papers filed with the instant complaint, the complainant asserts that a further appeal to the Judicial Conference of the United States has been filed with respect to each of nine prior complaints. Because none of the complainant's complaints have resulted in an "investigation" by a special committee pursuant to 28 U.S.C. § 372(c)(4) or a "report" to the Judicial Council under § 372(c)(5) or action by the Judicial Council under § 372(c)(6), I have serious doubt that the Judicial Conference can entertain the petition for review. *See* 28 U.S.C. § 372(c)(10). *See also* Rule 8(e)(2), Rules for Processing Complaints Against Judges of the Eighth Circuit.

### I.

The complainant presently makes essentially four allegations against the respondent judicial officer:

■ First, that the judicial officer's reliance on 28 U.S.C. § 372(c)(3)(A)(ii) (which authorizes the dismissal of a complaint filed against a judicial officer if the complaint is "directly related to the merits of a decision or a procedural ruling") in determining that the complainant's complaint in JCP No. 95–014 was frivolous was a violation of the complainant's Seventh Amendment right to a jury trial. The complainant's argument on this point is difficult to comprehend but, as I have distilled it, the complainant's theory is that the complainant's constitutional right to a jury trial trumps the provisions of 28 U.S.C. § 372(c)(3)(A)(ii) and, consequently, the complainant's numerous prior judicial complaints alleging that the district judges

and appellate judges wrongfully denied the complainant a right to a jury trial in the underlying lawsuits should not have been dismissed on the basis that they are "directly related to the merits of a decision or a procedural ruling." The complainant is wrong for three reasons: (1) the complainant's continuing argument (made again in this complaint) that the complainant's constitutional right to a jury trial was violated by the actions of the district judges in ruling on the underlying lawsuits and by the appellate panel's dismissal of the appeal on jurisdictional grounds necessarily calls into question and is "directly related to the merits of a decision or procedural ruling" made by the district judges and the appellate court panel members. Relief from those decisions cannot come from or be had in judicial disciplinary proceedings, as the Chief Judge clearly explained to this complainant when he ruled on the very first complaint this complainant filed in JCP No. 94–027. The same reasoning was again explained to the complainant by the Circuit Judge who ruled on the complainant's complaint in JCP No. 95–011 and by the respondent judge in this complaint when JCP No. 95–014 was decided. The complainant still refuses to accept the limitations Congress has placed upon what can and what cannot be determined in proceedings initiated under the judicial misconduct statute. The question of whether the complainant was denied the right to a jury trial can only be addressed by the process of regular appellate review and regular procedure, not by disciplinary complaints against the judges concerned. "Disciplinary procedures must not be used to correct judicial mistakes." *In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir.Jud.Coun.1982).

(2) The complaint in JCP No. 95–014 was dismissed because it was legally frivolous; that is, it wholly lacked a basis in law. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). While that determination was correct, it is not the function of this subsequent judicial complaint proceeding to determine the correctness of the prior ruling. The Judicial Council review process exists for that purpose. 28 U.S.C. § 372(c)(10). Only the judicial officer's conduct and not the merits of the judicial officer's decision can be addressed here.

(3) The complainant's constitutional argument was dismissed as frivolous in JCP No. 95–003, and that decision was affirmed by the Eighth Circuit Judicial Council on May 26, 1995. It cannot be raised here again. *See* 28 U.S.C. § 372(c)(10).

Second, the complainant alleges that the respondent judicial officer decided JCP No. 95–014 while the complainant's complaint against the respondent judicial officer (arising from the judge's participation on the appellate panel) in JCP No. 94–032 was still pending. The complainant is in error. JCP No. 94–032 was dismissed by the Chief Judge on January 30, 1995, and at the time the respondent judicial officer decided JCP No. 95–014, on September 1, 1995, no complaint of misconduct was pending against the respondent judicial officer.

■ Third, the complainant alleges that the respondent judicial officer decided JCP No. 95–014 in violation of 28 U.S.C. § 372(c)(12). The complainant is again in error. Title 28, U.S.C. § 372(c)(12) has no applicability here. It only applies when an "investigation" of a judicial officer's conduct has been undertaken pursuant to 28 U.S.C. § 372(c)(4). No paragraph 4 investigation was ever initiated pursuant to the complaint filed in JCP No. 94–032. Instead, as pointed out above, it was dismissed outright by the Chief Judge long before the respondent judge acted on the complaint in JCP No. 95–014. The complainant's corollary allegation that the respondent judge's dismissal of the complaint shows that the judge was biased and prejudiced against the complainant is too frivolous on its face to merit further attention.

■ Fourth, the complainant asserts that the prior successive complaints have been heard by the circuit judges of this court in an inappropriate order of seniority. The complainant's allegations here are also hard to follow, principally because the complainant is confused about the terms "senior judge" and "circuit judge in regular active service next

senior in date of commission." 28 U.S.C. § 372(c)(2). A chronology of the complaints involved is necessary to an understanding of the issue raised.

November 7, 1994
(JCP No. 94–027)

Complainant filed a complaint against the district judge who ruled in one of the complainant's district court cases. The complaint is assigned JCP No. 94–027 and transmitted to the Chief Judge of the Circuit who dismissed it on January 3, 1995.

January 11, 1995
(JCP 95–002)

Complainant filed a new complaint against the Chief Judge because he dismissed JCP No. 94–027. This new complaint is assigned JCP No. 95–002 and, because it was made against the Chief Judge, the complaint was referred to "that circuit judge in regular active service next senior in date of commission," *see* 28 U.S.C. § 372(c)(2), who for the purposes of this order is denominated "CJ–2." CJ–2 dismissed the complaint on February 7, 1995.

February 10, 1995
(JCP No. 95–003)

Complainant filed a new complaint against CJ–2 because CJ–2 dismissed JCP No. 95–002. This new complaint is assigned JCP No. 95–003. It is referred by the Clerk to the next active circuit judge in the seniority line (CJ–3), who recused from determining the matter and who directed the Clerk to forward the complaint to the next active circuit judge in the seniority line (CJ–4). CJ–4 also recused because CJ–4 was one of the Eighth Circuit judges who had dismissed the complainant's direct appeal for lack of jurisdiction and against whom the complainant had made a separate complaint in JCP No. 94–032. The Clerk then forwarded the pending complaint to the next active circuit judge in the seniority line, CJ–5, who considered the complaint and ordered it dismissed as frivolous on April 11, 1995.

---

The complainant asserts that because CJ–3 did not determine the complainant's prior complaint (JCP No. 95–003), and because it was instead ruled on by CJ–5, the respondent judge in this *instant complaint* had no authority to determine the complainant's immediate predecessor complaint (JCP No. 95–014). The complainant's allegation of error is without merit. CJ–5 ruled on JCP No. 95–003 because CJ–3 and CJ–4 had recused

themselves. Any alleged procedural error in the assignment of the complainant's numerous prior complaints has not affected any of the complainant's substantial rights and, accordingly, if any error occurred, it was harmless error. The statute envisions that a circuit judge will initially review a complaint, and that occurred here. Because each of the complainant's prior complaints has also received a *de novo* review by the Judicial Council of the Eighth Circuit, any procedural error in the assignment of the complainant's complaints to the respective circuit judges for initial determination has been cured. The complainant is entitled to no relief on this ground.

## II.

 When a circuit judge reviews and determines the allegations contained in a judicial misconduct complaint, the judge is performing a judicial function cast upon the judge by the requirements of a Congressionally enacted statute. The judge must make a determination of the merits of the complaint and decide, first, whether it addresses matters covered by the statute and, second, whether the conduct complained of is "prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 372(c)(1). In making those determinations, the judge should be and is clothed with the same cloak of judicial independence arising from Article III of the Constitution as when the judge determines any other case or controversy arising under federal law. In the case of successive judicial complaints where the allegation is made by the complainant that the previous judge who determined the prior complaint committed misconduct because the complainant objects to the merits or procedural decision the judge made on the prior judicial complaint, the successive judicial complaint should be dismissed because the successive complaint is "directly related to the merits of a decision or procedural ruling." 28 U.S.C. § 372(c)(3)(A)(ii). The present complaint fits this mold and

should be dismissed for this alternative reason as well.

## III.

 As noted above, this complaint is the latest in a series of complaints, each making the same basic allegations. A prior circuit judge in the chain described the complainant's serial filings as indicating that the "complainant now appears to be bent upon harassment rather than vindication of any right available under the Rules of Judicial Conduct." *Order,* JCP No. 95–011, May 15, 1995. The complainant's complaints have been found to be frivolous no fewer than five times by five different circuit judges. The complaint against one circuit judge was deemed outrageous and found to contain scandalous attacks against the judge. *Order,* JCP No. 95–014, Sept. 1, 1995. Those findings have all been affirmed by the Judicial Council of the Eighth Circuit. The complainant's frivolous, legally baseless, and vexatious complaints have resulted in an unnecessary waste of judicial time and effort to process and resolve. Other circuits have imposed restrictions upon the ability of those who would abuse the disciplinary complaint process to file new complaints against judicial officers for their actions in dismissing prior complaints. *In re Sassower,* 20 F.3d 42 (2d Cir.1994) (imposing requirement that complainant who filed numerous unfounded and frivolous misconduct complaints secure the permission of the Chief Judge of the Circuit before filing another, and listing those circuits which have imposed similar restrictions). It is time to consider the imposition of such a restriction upon this complainant. Only the fundamental fairness requirement of an explicit prior warning restrains this judge from doing so in this order. However, the complainant is now on notice that the next unfounded and frivolous complaint filed by the complainant may result in an appropriate sanction being imposed by either the circuit judge who is compelled to waste precious judicial resources in resolving it, or by the Judicial Council in its later review.[1]

---

1. Rule 19A of the Rules of the Judicial Council of the Second Circuit Governing Complaints Against Judicial Officers Under 28 U.S.C. § 372(c) provides:

> If a complainant files vexatious, harassing, and scurrilous complaints, or otherwise abuses the complainant procedure, the council, after affording the complainant an opportunity to re-

## IV.

Because the present complaint is directly related to the merits of a decision or a procedural ruling, and because it is also clearly frivolous, it is hereby dismissed. *See* 28 U.S.C. § 372(c)(3)(A)(ii) and (iii).

Done and Ordered.

spond in writing, may restrict or impose conditions upon the complainant's use of the complaint procedure. Any restrictions or conditions imposed upon a complainant shall be reconsidered by the council periodically.

The Rules for Processing Complaints Against Judges of the Eighth Circuit contain no such similar rule. In my view, the time has come to enact one.