**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

IN RE COMPLAINT OF JUDICIAL
MISCONDUCT

No. 07-89012

ORDER

Filed May 14, 2008

## ORDER

KOZINSKI, Chief Judge:

A complaint of misconduct has been filed against a district judge and a magistrate judge of this circuit. Complainant, an attorney, makes allegations related to two proceedings: a civil case and an order suspending him from practicing law before the district court.

## 1.  The civil case

Complainant was the plaintiff in a civil case assigned to the subject district judge and referred to the subject magistrate judge. He alleges numerous instances of misconduct: both judges' discovery rulings, both judges' decisions to continue with the case after complainant filed a notice of appeal, and the district judge's decision to sanction complainant's failure to appear at a scheduled pre-trial conference. These charges are directly related to the merits of the judges' rulings in the underlying case, so they are dismissed. 28 U.S.C. § 352(b)(1)(A)(ii); Rule 4(c)(1) of the Rules of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability (Misconduct Rules). A complaint of judicial misconduct is not the proper vehicle for

challenging a judge's rulings. *See In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982). Complainant appealed and lost.

Complainant also alleges that the judges "fixed" the case to cover up corruption in the state judicial system. But complainant hasn't included any objectively verifiable proof (for example, names of witnesses, recorded documents or transcripts) supporting this allegation, so there isn't sufficient evidence to raise an inference that misconduct occurred. The charge is therefore dismissed. 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3).

### 2. The order suspending complainant's admission to practice before the district court

The supreme court of the state in which the district is located suspended complainant's license to practice law for two years. In response to the state suspension, the subject district judge ordered complainant to show cause why the district court should not also suspend complainant from practicing before it for the identical period. Complainant filed a response, but the district judge suspended complainant from practice in the district court on the ground that complainant hadn't responded to the show-cause order. Complainant informed the court that he had indeed filed a timely response, and moved to rescind the order suspending his admission to practice. The district judge granted that motion in a written order, explaining that complainant's response had been "inadvertently filed in [the pending civil] case in which he is a plaintiff." The district judge then considered the merits of complainant's response to the show-cause order, rejected complainant's arguments and again suspended him. Complainant appealed that order and lost again.

Complainant alleges that the district judge was "lying" in his first order when he stated that complainant had not filed a response to the show-cause order. A limited inquiry was

conducted into this charge. A note in the district court's case file confirms what the district judge reported in his order granting the motion to rescind: Complainant's response to the show-cause order was initially misfiled in the civil case discussed above, which was then pending before the district judge. The docket in the civil case also shows that the response was misfiled there. There is no reason to think that what happened here was anything other than an unintended filing mistake—the kind of error that will inevitably happen from time to time, and that can easily be corrected. Complainant hasn't included any objectively verifiable proof that the district judge had anything to do with the filing mistake, nor that he knew about the mistake and was "lying" when he ruled that complainant hadn't responded to the show-cause order. There isn't sufficient evidence to raise an inference that misconduct occurred, so this charge is dismissed. 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3).

Complainant also alleges that the district judge refused to assign a docket number to the disciplinary matter. Here again, a limited inquiry was conducted into the charge; that inquiry revealed that it is the district court's normal practice not to assign docket numbers to disciplinary matters. The records of these matters are instead kept in the clerk's office, where they are filed under the attorney's name. This practice isn't remotely "prejudicial to the effective and expeditious administration of the business of the courts," so this charge is dismissed. Misconduct Rule 4(c)(2)(A); *see* 28 U.S.C. § 351(a).

Once complainant filed an appeal of the district judge's order suspending him, the district court did open a docket in order to facilitate the appeal process. Complainant alleges that this newly opened docket was "[f]alsified." A limited inquiry was conducted into this charge as well, and revealed that all the orders and motions described above were filed on the same date. However, the documents in the case file are date-stamped with the dates on which they were actually filed, and the identically dated entries on the docket reflect the fact that

the docket was opened after the documents had all been filed. The true state of affairs is clearly reflected in the record. There's no factual foundation for the charge that the district judge "[f]alsified" the record, so this charge is dismissed. 28 U.S.C. § 352(b)(1)(B).

Complainant alleges that the district judge hid evidence and refused to consider it. But the evidence that complainant refers to are documents concerning his state disciplinary proceedings, which bear the state court caption. There is no reason these documents would appear in the district court's case file. Complainant doesn't say when he mailed these documents, but they are dated long after the district judge filed his order. There was no way they could have arrived at the district court in time for the district judge to consider them. There isn't sufficient evidence to raise an inference that misconduct occurred as to these documents, so this charge is dismissed. 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3).

Complainant also alleges that the district judge prevented other copies of these state-court documents, which complainant mailed to other federal judges in the district, from reaching their intended recipients. He alleges that the subject judge tore one of the documents and mailed it back to him, intending thereby to "intimidate" him. However, complainant provides no objectively verifiable proof that his mailings didn't reach the other judges, nor that the district judge interfered in any way with their delivery. Although petitioner includes a picture of the torn document and an envelope addressed to him from the district court, there is nothing to indicate that the judge himself ordered the document returned or had anything to do with tearing it. Nor is there any support for complainant's odd notion that a torn document connotes an attempt to "intimidate" him. These charges are dismissed because there isn't sufficient evidence to raise an inference that misconduct occurred. 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3).

Complainant alleges that the district judge took bribes, "framed" him and "fixed" the suspension of his admission to practice before the district court—all in retaliation for complainant's blowing the whistle on judicial corruption in the state judiciary. But complainant offers no objectively verifiable proof, so there isn't sufficient evidence to raise an inference that misconduct occurred. These charges are therefore dismissed. 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3).

Complainant alleges that the magistrate judge committed misconduct by not reporting the district judge's misconduct. But, as explained above, complainant hasn't made a case that the district judge committed misconduct in the first place, so the magistrate judge had nothing to report. There isn't sufficient evidence to raise an inference that the magistrate judge committed misconduct, so this charge is dismissed. 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3).

The heart of complainant's charge is that the state judiciary acted improperly by suspending his license to practice. But this complaint procedure applies only to federal judges, so his charges against the state judges are dismissed. Misconduct Rule 1(d).

### 3. Sanctions

Complainant is an attorney, so he should know better than to file such an obviously frivolous and abusive complaint. He has wasted considerable judicial resources for no purpose whatsoever. The standards for filing a complaint of judicial misconduct have been established for decades, *see, e.g.*, *In re Charge of Judicial Misconduct*, 685 F.2d at 1227, and complainant most likely knew, and certainly should have known, that the complaint he filed comes nowhere near stating a viable claim of judicial misconduct. *See id.* ("[A]ppellate review, not the procedures for judicial misconduct, [is] the proper remedy [for contesting judges' rulings.]"). A complaint of

judicial misconduct is not a vehicle for a disappointed litigant to vent his anger by accusing judges of lying, taking bribes, fixing cases, falsifying records and committing other misdeeds for which complainant has not the least bit of evidence.

A complaint of judicial misconduct is a court filing and is therefore subject to normal constraints on such filings, including the requirement of good faith and a proper factual foundation. Failure to observe these basic requirements of proper pleading may subject a complainant to sanctions. *In re Doe*, 70 F.3d 56, 60 (8th Cir. 1995); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. Jud. Council 1994); *In re Complaint of Judicial Misconduct*, 2 Cl. Ct. 255, 258-62 (1983).

Complainant is therefore ordered to show cause why he should not be sanctioned by an order requiring him to obtain leave before filing any further misconduct complaints, *see Sassower*, 20 F.3d at 44, by the issuance of a public reprimand and/or by the imposition of a $1000 fine. Complainant has thirty days from the filing of this order to file a response, which shall comply with Fed. R. App. P. 32, except that it shall not exceed 4,000 words in length. Failure to file a timely response to this order will be construed as consent to the imposition of immediate sanctions.

**COMPLAINT DISMISSED. COMPLAINANT ORDERED TO SHOW CAUSE.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.