# FOR PUBLICATION

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

IN RE COMPLAINT OF JUDICIAL
MISCONDUCT

No. 07-89012

ORDER

Filed December 10, 2008

Before: **THOMPSON**, **THOMAS**, **GRABER**,
**McKEOWN**, and **RAWLINSON**, Circuit Judges,
**GONZALEZ**, **LASNIK**, **STOTLER** and **WHALEY**,
Chief District Judges, and **HATTER**, District Judge.

## Order

Pursuant to Chapter III of the Rules of the Judicial Council Governing Complaints of Judicial Misconduct or Disability under 28 U.S.C. § 352(c), complainant has filed a petition for review of the order of the Chief Judge entered on May 14, 2008, dismissing the complaint against a district judge and a magistrate judge of this circuit. Complainant supplemented the petition with a motion to disqualify Judge Sidney R. Thomas.

We have carefully reviewed the record and the authorities cited by the Chief Judge in his order of dismissal. We conclude there is no basis for overturning the order of dismissal, and affirm the order. The motion to disqualify Judge Thomas is denied.[1]

---

[1]Judge Thomas did not participate in the disqualification vote.

The Chief Judge additionally issued an Order to Show Cause requiring complainant, an attorney, to explain why sanctions were not warranted for filing an obviously frivolous and abusive complaint. As stated in the Order, complainant, as an attorney, knew or should have known of the standards for stating a viable claim of judicial misconduct, and was also well aware that any court filing must be based on good faith and a proper factual foundation. *See* Judicial Misconduct Order No. 07-89012, pp. 7-8. The Order further provided that:

> "[F]ailure to observe these basic requirements of proper pleading may subject a complainant to sanctions. *In re Doe*, 70 F.3d 56, 60 (8th Cir. 1995); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. Jud. Council 1994); *In re Complaint of Judicial Misconduct*, 2 Cl. Ct. 255, 258-62 (1983)."

*Id.* at p. 8.

Instead, complainant filed this petition for review restating his original allegations and inadequately responded to the show cause order. An attorney filing such a frivolous misconduct complaint diminishes the effectiveness of our system of justice, and also may have an adverse effect on the random assignment of judges who may feel compelled to recuse even in light of unfounded allegations. Under the facts and circumstances of this proceeding, we conclude that both a public reprimand and a pre-filing order are appropriate sanctions. As a consequence, this published order will constitute a public reprimand of Joseph Nascimento in the form of a published opinion in West's Federal Reporter. The Clerk shall also serve this order on the State Bar of Montana, 7 West 6th Avenue, Suite 2B, P.O. Box 577, Helena, MT 59624.

Further, we hereby direct the Clerk to enter the following pre-filing review order:

*Pre-Filing Review Order*

(1)    This pre-filing review order shall apply to all misconduct complaints or petitions for review filed by complainant that relate to this matter. This order shall not apply to appeals or petitions in which complainant has counsel or where the district court has expressly certified in its order that the appeal or petition is not frivolous.

(2)    Any future misconduct complaint filed by complainant shall comply with the requirements of the Rules for Judicial-Conduct and Judicial-Disability Proceedings, and shall contain the following sentence in capital letters "THIS COMPLAINT/PETITION IS FILED SUBJECT TO PRE-FILING REVIEW ORDER No. 07-89012" in the caption of the complaint or petition.

(3)    If complainant's future misconduct complaints are submitted in compliance with this order, the Clerk shall lodge the complaint or petition and accompanying documents. The Clerk shall not file the complaint or petition until the complainant's submission is reviewed and a determination is made as to whether it merits further review and should be filed.

(4)    This pre-filing review order shall remain in effect until further order of the Judicial Council. Complainant may, no earlier than November 1, 2010, petition the court to lift this pre-filing review order, setting forth the reasons why the order should be lifted.

Complainant's failure to comply with the order shall result in any new complaints that he seeks to file being dismissed or not being filed and other sanctions being levied, as the Council may deem appropriate.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson Reuters/West.