**FOR PUBLICATION**

**JUDICIAL COUNCIL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| **IN RE COMPLAINT OF** **JUDICIAL MISCONDUCT** | Nos. 07-89142, 07-89144, 08-89012, 08-89030, 08-90029, 08-90030, 08-90031, 08-90032, and 08-90033 **ORDER** |

**KOZINSKI**, Chief Judge:

Five misconduct complaints have been filed against a circuit judge, four district judges and four magistrate judges. Complainant, a pro se prisoner, filed several civil rights actions and habeas petitions in district court. The subject judges were assigned to those matters.

Complainant alleges that the judges made improper substantive and procedural rulings. These claims relate directly to the merits of the judges' rulings and must therefore be dismissed. See 28 U.S.C. § 352(b)(1)(A)(ii); Misconduct Rule 4(c)(1); Judicial-Conduct Rule 11(c)(1)(B). A misconduct complaint is not a proper vehicle for challenging the merits of a judge's rulings. See In re Charge of Judicial Misconduct, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982).

Complainant alleges that the judges were biased and discriminated against

him on the basis of race. Complainant also alleges that the judges conspired against him. But complainant hasn't provided any objectively verifiable proof (for example, names of witnesses, recorded documents or transcripts) to support his allegations of bias, racism and conspiracy. Because there isn't sufficient evidence to raise an inference that misconduct occurred, these charges must be dismissed. See 28 U.S.C. § 352(b)(1)(A)(iii); Misconduct Rule 4(c)(3); Judicial-Conduct Rule 11(c)(1)(D).

Complainant further alleges that several of the judges improperly delayed rulings in his cases. Delay is not a proper subject of a misconduct complaint unless the circumstances are extraordinary, such as "where the delay is habitual, is improperly motivated or is the product of improper animus or prejudice toward a particular litigant, or, possibly, where the delay is of such an extraordinary or egregious character as to constitute a clear dereliction of judicial responsibilities." Commentary on Misconduct Rule 1. Such is not the case here.

Complainant's allegations against court staff must be dismissed because this complaint procedure applies only to federal judges. See Misconduct Rule 1(d).

Complainant has filed at least sixteen previous misconduct complaints, all of which have been dismissed because complainant's allegations were conclusory and/or related to the merits of the subject judges' rulings. Complainant is therefore

ordered to show cause why he should not be sanctioned by an order requiring him to obtain leave before filing any further misconduct complaints. See Judicial-Conduct Rule 10(a); In re Complaint of Judicial Misconduct, 527 F.3d 792, 796–97 (9th Cir. Jud. Council 2008). Complainant has thirty days from the filing of this order to file a response, which will be transmitted to the Judicial Council for its consideration.

**DISMISSED and COMPLAINANT ORDERED TO SHOW CAUSE.**