## FOR PUBLICATION

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

IN RE COMPLAINT OF JUDICIAL
MISCONDUCT

Nos. 08-90087,
08-90088,
08-90089,
08-90090,
08-90091,
08-90092,
08-90093,
08-90094,
08-90095,
08-90096,
08-90097,
08-90098,
08-90099,
08-90100,
08-90101
and
08-90102

ORDER

Filed April 15, 2009

## ORDER

KOZINSKI, Chief Judge:

A misconduct complaint has been filed against eleven circuit judges and five district judges.

Complainant, a pro se prisoner, previously filed a misconduct complaint alleging that several circuit judges conspired

to cover up a state court judge's criminal scheme. I dismissed the complaint for lack of evidence that misconduct occurred, and the Judicial Council affirmed the dismissal. *See In re Complaint of Judicial Misconduct*, No. 07-89116 (9th Cir. Jud. Council 2008). The current complaint merely repeats the charges raised in the prior complaint and accuses numerous additional judges of involvement in the alleged conspiracy, including all of the judges who participated in the dismissal of complainant's prior misconduct complaint and petition for review. Complainant again fails to provide any evidence to support his allegations. My prior order therefore makes further action on this complaint unnecessary. *See* 28 U.S.C. § 352(b)(2).

Complainant's current complaint is patently frivolous and is an abuse of the misconduct complaint procedure. Complainant is therefore ordered to show cause why he should not be sanctioned by an order requiring him to obtain leave before filing any further misconduct complaints. *See* Judicial-Conduct Rule 10(a); *In re Complaint of Judicial Misconduct*, 552 F.3d 1146, 1148 (9th Cir. Jud. Council 2009). Complainant has thirty days from the filing of this order to file a response, which will be transmitted to the Judicial Council for its consideration.

The Rules for Judicial-Conduct and Judicial-Disability Proceedings require that judges named in a misconduct complaint be disqualified from considering the complaint. *See* Judicial-Conduct Rule 25(b). But the Rules also recognize that rigid adherence to the disqualification requirement in multiple-judge complaints might lead to the disqualification of all of the judges who would ordinarily be involved in the misconduct complaint procedure. The Rules therefore contemplate that subject judges may participate in the disposition of an "insubstantial complaint" naming numerous judges. *See* Commentary on Judicial-Conduct Rule 25. The current complaint —in which the allegations are conclusory, wholly unsupported and essentially duplicative of complainant's prior

complaint—is just such an insubstantial complaint. There is "no unfairness in permitting subject judges, in these circumstances, to participate" in the review of the complaint. *See id.*

**DISMISSED and COMPLAINANT ORDERED TO SHOW CAUSE.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.