**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

In re Complaint of Judicial
Misconduct

Nos. 08-90066,
08-90067,
08-90068,
08-90069,
08-90070,
08-90071,
08-90072,
08-90073,
08-90074,
08-90075,
08-90076,
08-90077,
08-90078,
08-90079,
08-90080,
08-90081,
08-90179,
08-90187,
08-90188,
08-90243,
08-90244,
09-90046,
09-90047
and
09-90050

ORDER

Filed May 27, 2009

6147

# ORDER

KOZINSKI, Chief Judge:

Complainant, a pro se prisoner, filed six misconduct complaints and several supplements against fourteen circuit judges, five district judges, and three magistrate judges. Complainant filed several civil rights actions and a habeas petition in district court, and numerous appeals and mandamus petitions relating to those matters. The subject judges were assigned to those matters.

The Rules for Judicial-Conduct and Judicial-Disability Proceedings require that judges named in a misconduct complaint be disqualified from considering the complaint. *See* Judicial-Conduct Rule 25(b). But rigid adherence to the disqualification requirement is not required where complainant is abusing the complaint process, for example by filing insubstantial complaints naming numerous judges. *See In re Complaint of Judicial Misconduct*, 2009 WL 1023982 (9th Cir. Jud. Council April 15, 2009). When a complainant uses the misconduct procedure as a vehicle for harassing judges who rule against him, there is "no unfairness in permitting subject judges, in these circumstances, to participate" in the review of the complaint. *See* Commentary on Judicial-Conduct Rule 25.

Complainant scatters exhibit numbers in the left column of his first complaint, apparently referring to a document relevant to the nearby text. One of complainant's most recently filed misconduct complaints is related in part to the court's alleged rejection of and failure to consider these exhibits. The court never received these exhibits nor rejected them. Complainant has offered no evidence that he sent the exhibits. Complainant's request that the court send him a copy of the set of the exhibits is denied because the court does not possess those documents. Further, because there is no evidence that misconduct occurred, the charges related to the alleged rejec-

tion of these exhibits must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Complainant alleges that the judges made numerous improper substantive and procedural rulings. In fact, most of complainant's charges arise from his indignation over the judges' denial of in forma pauperis status or adverse rulings on other motions in complainant's various cases. These claims relate directly to the merits of the judges' rulings and must therefore be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B). Complainant's charges that certain judges should have recused are also dismissed as merits-related. *See* Judicial-Conduct Rule 3(h)(3)(A). A misconduct complaint is not a proper vehicle for challenging the merits of a judge's rulings. *See In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982).

Complainant also alleges that the judges were biased against him due to his race, and favored the state Attorney General's office. Complainant hasn't provided any proof (for example, names of witnesses, recorded documents or transcripts) to support his allegations of bias. Because there is no evidence that misconduct occurred, these charges must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Further, complainant suspects that certain judges conspired with prison officials to dismiss one of his civil cases for failure to pay the filing fee after the fee had been debited from his prison account. A limited inquiry into the district court and appellate dockets shows that the case proceeded when the court learned that the filing fee was, in fact, paid. There is no reason to believe that this was anything other than a mistake, and complainant provides no evidence that any judge interfered with the prison's accounting or the docketing of payment. Because there is no evidence that misconduct occurred, these charges must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Complainant also alleges that certain judges improperly delayed ruling on various motions. Delay is not cognizable "unless the allegation concerns an improper motive in delaying a particular decision or habitual delay in a significant number of unrelated cases." Judicial-Conduct Rule 3(h)(3)(B). Complainant provides no evidence of improper motive or habitual delay with respect to any delay charge here.

To the extent that complainant raises allegations against court staff, his counsel and prison officials, the charges must be dismissed because this misconduct complaint procedure applies only to federal judges. *See* Judicial-Conduct Rule 4.

Complainant's request that this court deem null and void all local rules of the district court in which he has filed his many cases is not cognizable under the misconduct complaint procedure and is therefore dismissed. *See* Judicial-Conduct Rule 3(h).

Complainant's complaints are obviously frivolous, an abuse of the complaint procedure, and have caused a considerable waste of judicial resources. Complainant is therefore ordered to show cause why he should not be sanctioned by an order requiring him to obtain leave before filing any further misconduct complaints. *See* Judicial-Conduct Rule 10(a); *In re Complaint of Judicial Misconduct*, 552 F.3d 1146, 1148 (9th Cir. Jud. Council 2009). Complainant has thirty-five days from the filing of this order to file a response, which will be transmitted to the Judicial Council for its consideration.

**DISMISSED and COMPLAINANT ORDERED TO SHOW CAUSE.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.