**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT<br>OF JUDICIAL MISCONDUCT | Nos. 08-90149,<br>09-90102,<br>09-90103<br>and<br>09-90104<br>ORDER |

Filed September 23, 2009

## ORDER

KOZINSKI, Chief Judge:

Two misconduct complaints have been filed against four district judges. Complainant filed three civil rights actions in district court and the matters were assigned to the subject judges.

The first misconduct complaint alleges that one of the judges improperly issued an order to show cause and improperly designated complainant a vexatious litigant. These claims relate directly to the merits of the judge's rulings and must therefore be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B); *In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982).

The first complaint also asserts that one of the judges was biased against complainant because the judge harbors racist prejudices. But complainant hasn't provided any objectively verifiable proof (for example, names of witnesses, recorded

13735

documents or transcripts) to support these allegations, and adverse rulings alone do not constitute proof of bias. Because there is no evidence that misconduct occurred, these charges must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D); *In re Complaint of Judicial Misconduct*, 569 F.3d 1093, 1093 (9th Cir. Jud. Council 2009).

The second misconduct complaint is so unclear that it's hard to understand what complainant alleges. As best as one can tell, complainant appears to allege that three of the judges conspired with "a mob." Again, complainant hasn't provided any objectively verifiable proof to support these allegations, and adverse rulings alone do not constitute proof of a conspiracy. These charges must therefore be dismissed as well.

To the extent that complainant raises allegations against prosecuting attorneys, these charges must be dismissed because this complaint procedure applies only to federal judges. *See* Judicial-Conduct Rule 4; *In re Complaint of Judicial Misconduct*, 567 F.3d 429, 431 (9th Cir. Jud. Council 2009).

Complainant has filed numerous misconduct complaints over the past fifteen years. Several previous complaints have been dismissed because complainant's allegations were conclusory and related to the merits of an underlying decision. Complainant has also used abusive language in the current and past complaints. In my order dismissing his last misconduct complaint, I directed complainant's attention to Misconduct Rule 1(g), which provides that a "complainant who files vexatious, repetitive, harassing, or frivolous complaints, or otherwise abuses the complaint procedure," may be restricted from filing further complaints. *See In re Complaint of Judicial Misconduct*, No. 07-89137 (9th Cir. Jud. Council 2008).

Complainant has now filed two more frivolous misconduct complaints against four judges, in addition to at least twelve

other misconduct complaints over the past fifteen years. Complainant is therefore ordered to show cause why he should not be sanctioned by an order requiring him to obtain leave before filing any further misconduct complaints. *See* Judicial-Conduct Rule 10(a); *In re Complaint of Judicial Misconduct*, 552 F.3d 1146, 1148 (9th Cir. Jud. Council 2009). Complainant has thirty days from the filing of this order to file a response, which will be transmitted to the Judicial Council for its consideration.

**DISMISSED and COMPLAINANT ORDERED TO SHOW CAUSE.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.