**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 09-90100 ORDER |

Filed March 30, 2010

---

## ORDER

KOZINSKI, Chief Judge:

Complainant, a pro se litigant, alleges that a district judge made various improper substantive and procedural rulings in his cases. These charges relate directly to the merits of the judge's rulings and must be dismissed. 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B). A misconduct complaint is not a proper vehicle to challenge a judge's rulings on the merits. *See In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982).

Complainant claims the judge went off the record during a hearing in one of his cases and, while off the record, suggested that the government file a motion for summary judgment based on sovereign immunity. Going off the record is not itself misconduct, although it is not advisable and could be misconduct if the judge does so in order to insulate an action from appellate review or for some other improper motive. In this case, the judge subsequently filed an order directing the government to move for summary judgment. The judge's instruction to the government is thus preserved in the record, and complainant may raise the issue on appeal if he believes that the judge erred by so instructing the govern-

ment. Nor does complainant suggest any other improper motive for allegedly going off the record. This charge is therefore dismissed for failure to allege conduct prejudicial to the effective and expeditious administration of the business of the courts. 28 U.S.C. § 351(a); Judicial-Conduct Rule 11(c)(1)(A). To the extent complainant challenges the substance of the judge's instruction, this charge is dismissed as merits-related. 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B).

Complainant also alleges that the judge was biased against him on account of his pro se status and favored government attorneys. Directing a party to move for summary judgment is not proof of bias; it may be intended to preserve scarce judicial resources and avoid unnecessary trials. Complainant's allegation that the judge said he "could grant" such a motion does not mean that the judge promised to grant it; in fact, the judge ultimately did not grant the motion. The judge's other rulings adverse to complainant also aren't proof of bias. *See In re Complaint of Judicial Misconduct*, 583 F.3d 598, 598 (9th Cir. Jud. Council 2009). Because complainant hasn't provided any other objectively verifiable proof to support this allegation, it must be dismissed. 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D); *see also In re Complaint of Judicial Misconduct*, 569 F.3d 1093, 1093 (9th Cir. Jud. Council 2009).

Complainant's allegations against government attorneys are dismissed because this misconduct complaint procedure applies only to federal judges. *See* Judicial-Conduct Rule 4.

**DISMISSED.**