**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 11-90099 ORDER |

Filed May 6, 2013

## ORDER

KOZINSKI, Chief Judge:

Complainant, a pro se litigant who suffers from a communications disability, alleges that a district judge discriminated against him by refusing to allow complainant's caretaker to act as his "authorized representative" and "address the court in his behalf." In asking that his caretaker be allowed to represent him, rather than simply transmit his statements to the court, complainant sought more than a "reasonable accommodation" for his disability. He requested that the caretaker provide a service that may be performed only by a licensed attorney, which his caretaker was not. *See* 28 U.S.C. § 1654. The district judge's denial of such a request was entirely proper.

In any event, complainant was never required to speak in court without assistance: The district judge ruled that complainant's case could be decided on the pleadings and removed it from the motion calendar. Even when all parties

are represented by counsel, this is not uncommon, if the judge believes that resolution of the case would not be aided by oral argument. The Court of Appeals affirmed the district judge, also without oral argument, which confirms that the district judge was reasonable in deciding the case on the pleadings alone.

Complainant also alleges that the district judge refused his accommodation request as retaliation for the fact that complainant filed a motion to recuse. In a supplemental filing, he further alleges that the judge tried to obstruct this misconduct complaint by dismissing his underlying civil case on the merits. As we have frequently held, adverse rulings, standing alone, are not proof of misconduct. *See In re Complaint of Judicial Misconduct*, 583 F.3d 598, 598 (9th Cir. 2009). Because complainant offers no other support for these allegations, these charges must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Complainant argues that the judge should have denied his accommodation request confidentially, rather than transmitting the order to the opposing parties. But it was entirely proper for the judge to notify the other litigants that complainant had communicated with the court without notifying the opposing parties in the case. *See United States* v. *Thompson*, 827 F.2d 1254, 1258–59 (9th Cir. 1987) (noting that ex parte proceedings are "anathema in our system of justice" absent "compelling justification"). Contrary to complainant's allegation, the judge's order contained no highly personal information about complainant or the nature of his disability. It states in its entirety as follows:

> [P]laintiff lodged an Ex Parte Application for Reasonable Accommodation Request and Request for the Ex Parte Application to be filed under seal.

> After review and consideration by the Court, plaintiff's application to file documents under seal is denied. The Court also denies plaintiff's request to have [his caretaker] act as plaintiff's authorized representative and speak for him in Court.

Complainant also alleges that the judge "abused his power" by forcing him to resubmit his accommodation request unnecessarily. Requiring a party to communicate with the court by way of a properly filed motion is not an abuse of power. Complainant further alleges that the district judge "maliciously ordered" that his "very private, medical related documents" be posted on PACER. There is no evidence that the district judge "ordered" the clerk's office to post these exhibits, much less that the judge did so with an improper motive. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D). The temporary posting appears to have been a mistake, for which the clerk of court sent a gracious letter of explanation and apology. The clerk also removed these documents from PACER immediately after complainant notified the court that they were publicly available. Mistakes by staff are not judicial misconduct. *See* Judicial-Conduct Rule 4; *see also In re Complaint of Judicial Misconduct*, 630 F.3d 1262, 1263 (9th Cir. Jud. Council 2011).

Finally, complainant argues that the judge engaged in a "pattern and practice" of denying disability accommodations,

and points to an incident that occurred more than fifteen years ago when the judge sat on a state court.  But, as explained above, the denial of complainant's accommodation request in district court was not unjustified and thus doesn't amount to discrimination.  Thus, there can be no pattern, regardless of what happened in state court.  And, as we have previously held, it would be improper "to sanction a judge for conduct preceding confirmation" to the federal bench.  *See In re Complaint of Judicial Misconduct*, 570 F.3d 1144, 1144 (9th Cir. 2009).

**DISMISSED.**