# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2733

_____

Ronald A. Vadnais, as Treasurer of Swift County, Minnesota; Swift County,
Minnesota, individually and on behalf of all others similarly situated

*Plaintiffs - Appellants*

v.

Federal National Mortgage, also known as Fannie Mae; Federal Home Loan
Mortgage Corporation, also known as Freddie Mac

*Defendants - Appellees*

Federal Housing Finance Agency, in its Capacity as Conservator of Fannie Mae
and Freddie Mac

*Intervenor* below - *Appellee*

United States of America

*Intervenor*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 13, 2014
Filed: June 6, 2014

_____

Before BYE, MELLOY, and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

Swift County, Minnesota, and its Treasurer, Ronald Vadnais, (collectively, "Swift County"), brought this action against the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Company ("Freddie Mac"), and the Federal Housing Finance Agency ("FHFA") (collectively, "the federal agencies"), alleging such federal agencies had violated state law by failing to pay taxes on the transfers of deeds to real property. The district court[1] granted the federal agencies' motion to dismiss the action. Swift County appeals, and we affirm.

I

Minnesota imposes a tax "on each deed or instrument by which any real property . . . is granted, assigned, transferred, or otherwise conveyed." Minn. Stat. § 287.21, subd. 1(a). An exception to the deed transfer tax exists when "the United States or any agency or instrumentality thereof is the grantor, assignor, transferor, conveyor, grantee or assignee" of the property. Id. § 287.22(6).

Fannie Mae and Freddie Mac are privately-owned and publicly-traded for-profit entities created by Congress to generate financial stability in the secondary market for residential mortgages. Fannie Mae and Freddie Mac buy mortgages originated by third-party lenders, gather them into bundles, and sell them as securities. Following the 2008 financial crisis, Congress made the FHFA the conservator for Fannie Mae and Freddie Mac.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Fannie Mae and Freddie Mac have not paid deed transfer taxes when conveying real property in Swift County, Minnesota, having taken the position they are exempt from such taxes pursuant to the provisions of the federal statutes setting forth their charters. See 12 U.S.C. § 1723a(c)(2); 12 U.S.C. § 1452(e) (collectively, the "Exemption Statutes").

Swift County filed this action, seeking a declaratory judgment as to the federal agencies having violated Minnesota law by failing to pay deed transfer taxes when conveying real property. The district court granted the federal agencies' motion to dismiss, concluding the Exemption Statutes established an exemption from all state taxation. Swift County appealed the dismissal of its action. The United States intervened and filed a brief in support of the federal agencies.

II

On appeal, Swift County contends the district court erred in dismissing its action. We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*. Olympus Ins. Co. v. Aon Benfield, Inc., 711 F.3d 894, 897 (8th Cir. 2013).

Swift County first argues the Exemption Statutes do not exempt the federal agencies from paying Minnesota's deed transfer tax. This argument fails as this issue was decided by this Court in Hennepin County v. Fannie Mae, 742 F.3d 818 (8th Cir. 2014). The federal agencies' charters state they "shall be exempt from all taxation . . . imposed by any State," and identify their real property as the sole exception to this general rule. See 12 U.S.C. §§ 1723a(c)(2), 1452(e), 4617(j)(2). "We have determined that the use of 'shall' in a statute makes what follows mandatory, and that 'all' means all." Hennepin Cnty., 742 F.3d at 822 (internal quotations and citations omitted). Thus, "the federal agencies are exempt from all state taxation other than taxes on their own real estate holdings." Id.

Swift County next argues the Exemption Statutes do not supersede state law. This argument has been rejected by multiple circuits. In the Seventh Circuit, Judge Posner addressed such a contention in DeKalb County v. Fannie Mae, 741 F.3d 795 (7th Cir. 2013). "No provision of the Constitution insulates state taxes from federal powers granted by the Constitution, which include the power of Congress 'to regulate Commerce with foreign Nations, and among the several States . . . .'" Id. at 801 (citing U.S. CONST. art. I, § 8, cl. 3). The Third Circuit reached the identical result, holding the "assertion that a state's taxing authority stands on equal footing with Congress's power under the Commerce Clause was flatly rejected by the Supreme Court nearly 200 years ago . . . ." Del. Cnty. v. Fannie Mae, 747 F.3d 215, 225 (3d Cir. 2014) (citing Brown v. Maryland, 25 U.S. 419, 448-49 (1827)). For the same reasons, we conclude the Exemption Statutes do supersede Minnesota's state tax law.

Swift County also argues the Exemption Statutes are not a valid exercise of Congress's power under the Commerce Clause. The Commerce Clause provides that Congress shall have the power "to regulate Commerce with foreign Nations, and among the Several States . . . ." U.S. CONST. art. I, § 8, cl. 3. A federal statute, when construed to invalidate a state tax, is a permissible exercise of Congress's Commerce Clause power when Congress had a "rational basis for finding the . . . tax interfered with interstate commerce." Ariz. Pub. Serv. Co. v. Snead, 441 U.S. 141, 150 (1979); see also Glosemeyer v. Mo.-Kan.-Tex. R.R., 879 F.2d 316, 322 (8th Cir. 1989). The Third and Fourth Circuits have both found the Exemption Statutes to survive rational basis review. The Third Circuit concluded "Congress acted well within the bounds of the Commerce Clause when it exempted [the federal agencies] from paying state and local real estate transfer taxes." Del. Cnty., 747 F.3d at 227-28. "The transfer tax exemptions aid [the federal agencies] in regulating the secondary mortgage market, which is clearly of an economic nature." Id. at 227. Similarly, the Fourth Circuit reasoned "Congress could rationally have believed that state taxation would substantially interfere with or obstruct the legitimate purposes of [the federal agencies] purposes," and "insulating [the federal agencies] from most state taxation

would substantially further those entities' purposes." <u>Montgomery Cnty. v. Fannie Mae</u>, 740 F.3d 914, 924 (4th Cir. 2014). This belief could lead Congress to reasonably conclude state transfer taxes "would substantially affect interstate commerce by burdening" the federal agencies. <u>Id.</u> For similar reasons, we conclude the Exemption Statutes are a valid exercise of Congress's power under the Commerce Clause.

Finally, Swift County argues the federal agencies are privately-held corporations, not federal instrumentalities. However, this Court has previously rejected the argument that the federal agencies ceased to be federal instrumentalities upon being privatized, reasoning the "congressional objective in creating them was 'governmental and unchanged; only the means of achieving it have changed.'" <u>Hennepin Cnty.</u> 742 F.3d at 824 (quoting <u>DeKalb Cnty.</u>, 741 F.3d at 803). The federal agencies continue to serve the same important federal mission "which only Congress has the power to revise." <u>Id.</u>; <u>see also</u> <u>DeKalb Cnty.</u>, 741 F.3d at 802 ("The reason we doubt that the conversion stripped Fannie of its implied constitutional tax exemption is that if Fannie was a 'federal instrumentality' before its privatization — as clearly it was — and was therefore, as the appellants concede, immune then from taxation by virtue of the <u>McCulloch</u> line of cases, it is a federal instrumentality now.").

III

For the foregoing reasons, we affirm.

_____