**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

IN RE COMPLAINT OF
JUDICIAL MISCONDUCT

Nos. 17-90119
17-90120
17-90122

ORDER

Filed August 15, 2018

**ORDER**

THOMAS, Chief Judge:

Complainants, several pro se prisoners incarcerated at the same federal facility, have filed essentially identical judicial misconduct complaints naming every circuit judge in the Ninth Circuit, as well as every district judge in several of the district courts in the Ninth Circuit. Review of these complaints is governed by the Rules for Judicial Conduct and Judicial-Disability Proceedings ("Judicial-Conduct Rules"), the federal statutes addressing judicial conduct and disability, 28 U.S.C. § 351 *et seq*., and relevant prior decisions of the Ninth Circuit Judicial Council. In accordance with these authorities, the names of complainants and the subject judges shall not be disclosed in this order. *See* Judicial-Conduct Rule 11(g)(2).

The Judicial Conduct and Disability Act provides a remedy if a federal judge "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 351(a). A chief judge may dismiss a complaint if, following review, he or she finds it is not cognizable under the statute, is directly related to the merits of a decision or procedural ruling, or is frivolous or lacks sufficient evidence to raise an inference of misconduct. *See* 28 U.S.C. §§ 352(b)(1)(A)(i)–(iii). Judicial misconduct proceedings are not a substitute for the normal appellate review process, and may not be used to seek reversal of a judge's decision, to obtain a new trial, or to request reassignment to a different judge.

As an initial matter, complainants argue that "the Chief Judge, as well as any other circuit court judge, [is] a subject judge to this complaint, and thus disqualified from considering this complaint." Ordinarily, Judicial-Conduct Rule 25(b) requires that a subject judge be disqualified from considering a misconduct complaint. However,

> the Rules also recognize that rigid adherence to the disqualification requirement in multiple-judge complaints might lead to the disqualification of all of the judges who would ordinarily be involved in the misconduct complaint procedure. The Rules therefore contemplate that subject judges may participate in the disposition of an "insubstantial complaint" naming numerous judges.

*In re Complaint of Judicial Misconduct*, 563 F.3d 853, 854 (9th Cir. Jud. Council 2009); *see also* Commentary to

Judicial-Conduct Rule 25 ("There is no unfairness in permitting the chief judge to dispose of a patently insubstantial complaint that names all active circuit judges in the circuit"). For the reasons discussed below, the instant complaints are so insubstantial that there is no unfairness in permitting the subject judges, including myself as Chief Judge, to participate in their review.

First, complainants allege that Congress has no authority to establish "federal regulatory crimes," and that the legislature and federal courts have committed "criminal misconduct" by creating and adjudicating such offenses. Complainants also allege that federal courts have no subject matter jurisdiction over sex trafficking, child pornography, or related offenses, and also lack jurisdiction over any offenses occurring outside of a "federal enclave." Complainants are incorrect. *See, e.g.*, 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"); *United States v. Sullivan*, 797 F.3d 623, 631–32 (9th Cir. 2015) ("Congress could rationally 'conclude that homegrown child pornography affects interstate commerce,' and therefore Congress may regulate even purely intrastate production of child pornography"); *United States v. Walls*, 784 F.3d 543, 548 (9th Cir. 2015) ("Congress found that [sex] trafficking of persons has a substantial aggregate economic impact on interstate and foreign commerce . . . and that finding is not irrational"). Moreover, any constitutional or jurisdictional challenges to complainants' underlying convictions are directly related to the merits of the judges' rulings, and must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(ii); *In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982); Judicial-Conduct Rule 11(c)(1)(B).

Complainants next allege that the subject judges—and all federal judges—have an inherent conflict of interest in any criminal case because a conviction "further results in the issuance of a judgment bond, establishing profit and gain for the subject judge." Complainants further allege that federal judges "receive dividends, annuities, and/or residuals" from such bond deposits, which creates "a financial incentive" for judges to act without jurisdiction and to encourage convictions. Complainants offer no proof to support their claims that judges receive "dividends" or other financial benefits from bond deposits or court registry funds, that compensation for federal judges is in any way affected by the number of convictions in their districts, or that judges have any pecuniary or other interest in securing bond payments from criminal defendants. Accordingly, these allegations are dismissed as unfounded. *See* 28 U.S.C. § 352(b)(1)(A)(iii); *In re Complaint of Judicial Misconduct*, 552 F.3d 1146, 1147 (9th Cir. Jud. Council 2009); Judicial-Conduct Rule 11(c)(1)(D).

Finally, complainants allege that the subject judges have engaged in racketeering, bribery, conspiracy, kidnapping, and other criminal acts. However, adverse rulings are not proof of misconduct, and complainants provide no objectively verifiable evidence to support these vague and conclusory allegations, which are dismissed as unfounded. *See* 28 U.S.C. § 352(b)(1)(A)(iii); *In re Complaint of Judicial Misconduct*, 715 F.3d 747, 749 (9th Cir. Jud. Council 2013) ("As we have frequently held, adverse rulings, standing alone, are not proof of misconduct"); *In re Complaint of Judicial Misconduct*, 569 F.3d 1093 (9th Cir. Jud. Council 2009) ("claimant's vague insinuations do not provide the kind of objectively verifiable proof that we require"); Judicial-Conduct Rule 11(c)(1)(D).

**DISMISSED.**