### In re COMPLAINT OF JUDICIAL MISCONDUCT.

No. 08–90241.

United States Court of Appeals, Ninth Circuit.

Oct. 19, 2009.

---

## ORDER

KOZINSKI, Chief Judge:

Complainant, a pro se litigant, has filed a hefty misconduct complaint replete with addendums, exhibits, hearing transcripts, news articles and sundry other bits of information—a total of over 400 pages. The judge who is the subject of this tome was assigned to complainant's civil case in district court.

■■■ The gist of complainant's allegations appears to be that the judge has unduly delayed the resolution of her case. But delay is not misconduct "unless the allegation concerns an improper motive in delaying a particular decision or habitual delay in a significant number of unrelated cases." Judicial–Conduct Rule 3(h)(3)(B). Complainant provides no evidence of improper motive or habitual delay and, in any event, the docket reveals that the judge has ruled on complainant's 86–page complaint. Because there was no misconduct, no further action is required. *See In re Complaint of Judicial Misconduct,* 567 F.3d 429, 431 (9th Cir. Jud. Council 2009).

■■■ Complainant also accuses the judge of bias against her because she is pro se and demands that the judge "prove and document" compliance "with the mandates that govern [the judge's] fiduciary duties." These vague accusations and convoluted demands don't satisfy complainant's obligation to provide objective evidence of misconduct. This charge is therefore dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial–Conduct Rule 11(c)(1)(D).

■■■ Finally, complainant's concern that I, as Chief Judge, am "overwhelmed by the charge of judicial misconduct," does not provide a basis for disqualification under Judicial–Conduct Rule 25. If complainant disagrees, she is free to "file a petition for review by the Council and ask it to assign someone else to the matter." *In re Complaint Against Seventeen Judicial Officers,* Nos. 07–09–90001 to 90017 (7th Cir. Jud. Council 2009).

**DISMISSED.**