**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT D. GIBSON,

                Plaintiff - Appellant,

    v.

BEERS; J. M. GONZALES; W. HAYWARD,

                Defendants - Appellees.

No. 09-16271

D.C. No. 1:03-cv-05445-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 4, 2010[**]

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

    Robert D. Gibson appeals pro se from an adverse jury verdict in his civil

rights action alleging that prison guards used excessive force against him in

retaliation for filing grievances in violation of his First and Eighth Amendment

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

rights. He contends he did not receive a fair trial because the district court dismissed some of his claims and eliminated defendants, excluded most of his proposed exhibits and inmate witnesses, allowed the defendants to hear each others' testimony, and condoned defense counsel's tampering with a witness. Gibson also contends the judge was biased and prejudiced, made irrational and inconsistent rulings, and tampered with the evidence and rigged the jury. We have carefully reviewed the record and we reject Gibson's contentions. Accordingly, we affirm.

The district court rejected Gibson's motion to amend his complaint to resurrect dismissed claims and add defendants. The former claims were correctly dismissed because Gibson failed to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (holding that "proper exhaustion" is required, including "compliance with an agency's deadlines and other critical procedural rules"). The additional defendants were properly excluded because Gibson failed to show they had knowledge of the underlying events. Accordingly, the proposed amendments would have been futile. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010) (noting a district court acts within its discretion to deny leave to amend when the amendment would be futile).

The court appropriately excluded exhibits not identified in the pretrial order. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 809 (9th Cir. 2001) (noting a trial court is "well within its discretion to exclude an exhibit not identified in the pretrial order"). Similarly, the court did not err by excluding certain exhibits that were listed in the pretrial order but were not relevant to Gibson's allegations against the prison guards. *See Baker v. Delta Air Lines, Inc.*, 6 F.3d 632, 639 (9th Cir. 1993) (noting exhibits must not only be relevant but the party must also demonstrate that exclusion of the evidence was prejudicial).

The trial court did not abuse its discretion by limiting Gibson's request for inmate witnesses because it properly considered whether "the inconvenience and expense of transporting [an inmate witness] . . . outweigh any benefit he would provide." *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Gibson also failed to show the inmates had relevant testimony to offer or their exclusion was prejudicial to his case.

The trial court also did not abuse its discretion by refusing to compel the attendance of non-incarcerated witnesses. Those proposed witnesses – high ranking state officials – had no personal knowledge of Gibson's case. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 886 (9th Cir. 2002) (affirming district

court's decision to quash subpoenas because plaintiff failed to indicate what relevant evidence the proposed witnesses might provide).

The district court did not err by refusing Gibson's request to exclude the defendants from the courtroom. Federal Rule of Evidence 615 permits the court to exclude witnesses, but it specifically does not authorize exclusion of a party.

Gibson contends that defendants' counsel "tampered" with an inmate witness by meeting with him before trial. There is no prohibition, however, on a party's ability to interview a consenting witness. *See Wharton v. Calderon*, 127 F.3d 1201, 1204 (9th Cir. 1997). Moreover, there is no prejudice because Gibson later agreed to "let that witness go because . . . [t]here is nothing relevant he could possibly add to the trial."

Finally, we reject Gibson's allegation of judicial misconduct because it is not supported by specific references to the record. *See In re Complaint of Judicial Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009) (noting vague accusations do not provide objective evidence of judicial misconduct). Moreover, complaints regarding a judge's adverse rulings alone are insufficient to demonstrate bias, prejudice or misconduct. *See Rhoades v. Henry*, 598 F.3d 511, 519 (9th Cir. 2010).

**AFFIRMED**.