**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 09-90239 ORDER |

Filed December 28, 2010

---

## ORDER

KOZINSKI, Chief Judge:

Complainant, a pro se litigant, filed a misconduct complaint against a magistrate judge. Instead of filing a statement of facts, complainant attached over a hundred pages of material including what appear to be documents from his underlying civil rights case, various motions purportedly made before the "executive branch, et al," two copies of a letter from a financial specialist, seven photocopies of envelopes, a copy of three receipts, an automated e-mail from PACER and two local court rules. Complainant also attached a filing in which the defendants accused him of "harassment" because he filed "217 pages of [a]ttachments" to his motion and filed another motion "consisting of 335 pages."

Under our rules, a judicial misconduct complaint "must contain a concise statement that details the specific facts on which the claim of misconduct or disability is based." Judicial-Conduct Rule 6(b); *see also* 28 U.S.C. § 351(a). The brief statement of facts required by section 351(a) must be prepared specifically for the misconduct proceeding, although it need not follow a particular form. *See* Judicial-Conduct Rule 6(a). What matters is that it be concise and set forth the alleged misconduct in a clear and straightforward fashion.

20665

The requirement that complainants submit a brief statement of facts is posted on the Ninth Circuit's website and printed on the misconduct complaint form itself. *See* Ninth Circuit Court of Appeals, *Guidelines for Judicial Misconduct or Disability Complaints*, http://www.ce9.uscourts.gov/misconduct/judicial _misconduct.html (last visited Dec. 17, 2010).

A complaint of judicial misconduct is a court filing and is therefore subject to the normal constraints on such filings, including the requirement that it conform to procedural rules governing format and content. *See In re Complaint of Judicial Misconduct*, 527 F.3d 792, 797 (9th Cir. Jud. Council 2008); *see also* 28 U.S.C. § 358(a). Misconduct complaints that don't comply with section 351(a) or Judicial-Conduct Rule 6(b) are subject to summary dismissal. *See* 28 U.S.C. § 352(b)(1)(A)(i) (authorizing chief judge to dismiss a complaint that is "not in conformity with section 351(a)"); *see also In re Complaint of Judicial Misconduct*, 591 F.3d 638, 646 (U.S. Jud. Conference 2009) (dismissing allegations of misconduct "because they do not meet the pleading requirements of Rule 6(b)"); *In re Opinion of Judicial Conference Comm. to Review Circuit Council Conduct & Disability Orders*, 449 F.3d 106, 111 (U.S. Jud. Conference 2006) (Winter, J., dissenting) (explaining that "complaints . . . may be dismissed summarily" if they "fail[ ] to conform with the requirements for submitting a complaint").

Although complainants may attach exhibits to their complaint, the exhibits must directly support the allegations of misconduct or disability in the statement of facts. *Cf.* Tenth Cir. Misconduct Rule 6.2 ("[T]he complainant should take care to include only documentation that is required to support the specific facts alleged[, while excluding e]xcess or irrelevant documentation . . . ."). In a complaint alleging prejudice or bias, for example, excerpts of a trial transcript in which the judge allegedly made racist comments would be appropriate; the entire record would not. *See In re Complaint of Judicial Misconduct*, 2 Cl. Ct. 255, 261 (1983) (reprimanding attor-

neys for "filing . . . a torrent of virtually useless paper" in misconduct proceeding).

The Judicial Council receives hundreds of complaints every year, which it must review with limited staff. Rule 6(b)'s requirement that the complaint contain a short and plain statement of the alleged misconduct is designed to focus the review process, conserve resources and ensure that all complaints are reviewed in a timely manner. These goals can't be achieved if the Judicial Council and staff must weed through hundreds of pages of materials looking for something that could possibly amount to misconduct. *See In re Complaint of Judicial Misconduct*, 591 F.3d at 646 ("Rule 6(b) makes clear that the complaint must be more than a suggestion to a Chief Judge that, if he . . . looks hard enough in a particular direction, he might uncover misconduct."). In conducting an expeditious review pursuant to section 352(a), the chief judge and staff will therefore not examine any documentary materials *unless* the statement of facts, on its face, presents what appears to be a sufficient allegation of misconduct and specifically points to the pages in the attachment that support the allegations.

As noted, the complaint here contains no statement of facts at all, much less a short and plain one. Without that statement to explain the relevance of the exhibits, the exhibits will be disregarded. Because the complaint makes *no* allegation of misconduct, it is dismissed.

**DISMISSED.**