# In re COMPLAINT OF JUDICIAL MISCONDUCT.

Nos. 09–90276, 09–90277, 09–90278.

Judicial Council of the Ninth Circuit.

Jan. 12, 2011.

## ORDER

KOZINSKI, Chief Judge:

Complainant, a pro se prisoner, filed a judicial misconduct complaint against two district judges and a magistrate judge. Instead of a brief statement of facts, he attached what appears to be a complaint for a civil rights "tort action suit" he had earlier tried to file with the Ninth Circuit's clerk of court. Complainants may not initiate a civil rights suit via the misconduct procedure. The Judicial Council is not a court and has no jurisdiction over civil actions. *Compare* 28 U.S.C. § 332(d), *with id.* §§ 1331, 1343(a). And, because the brief statement of facts required to file a misconduct complaint "must be prepared specifically for the misconduct proceeding," a complainant may not submit a document drawn up for another purpose in lieu of such a statement. *In re Complaint of Judicial Misconduct,* 630 F.3d 968, 968–69 (9th Cir.2010).

Because complainant submitted no statement of facts setting forth his allegations of misconduct, he has made no allegations of misconduct and the complaint must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(i); *In re Complaint of Judicial Misconduct,* 630 F.3d at 969–70.

The sole purpose of the misconduct complaint procedure is to identify and investigate allegations of misconduct against federal judges. The only possible outcome of the proceedings, should misconduct be shown, is corrective or disciplinary action against the judge. Complainant may not obtain any kind of personal relief such as a change to the judge's ruling, even if misconduct is ultimately shown. His request for appointment of a "Philadelphia lawyer" therefore is dismissed as beyond the purview of these proceedings. *See* 28 U.S.C. § 354(a)(2); Judicial–Conduct Rule 11(a). The charges against a state judge are likewise dismissed. *See* Judicial–Conduct Rule 4.

**DISMISSED.**