**FOR PUBLICATION**

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

In Re Complaint
of Judicial Misconduct

Nos. 10-90031
and
10-90032

ORDER

Filed January 14, 2011

### ORDER

KOZINSKI, Chief Judge:

Complainant, a pro se prisoner, attempts to relitigate his habeas petition by alleging that a magistrate judge and a district judge committed misconduct when they denied him relief. These charges are dismissed because they relate directly to the merits of the judges' rulings. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B); *In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982).

Complainant further alleges that the judges "knowingly, willingly, illegally and unlawfully assigned petitioner a bogus, dubious, fictitious [appellate docket] number . . . in an effort to help achieve an illegal conviction." Complainant appears to believe that his appellate docket number matches that of an MDL case from the Northern District of Ohio. But the case numbers aren't an exact match. Even if they were, the fact that unrelated cases from different jurisdictions have similar docket numbers raises no inference of confusion or wrongdoing. In fact, it would be strange if such matches didn't occur on occasion. The docket number to which com-

717

plainant refers as "bogus" was the correct number for his appeal. In any event, complainant presented no evidence that either judge played a role in assigning the appellate docket number to his appeal; docket numbers are assigned by the Clerk of the Court of Appeals. *See* 9th Cir. G.O. 2.1. Because there is no evidence of misconduct, these charges must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Nor is there any evidence supporting complainant's allegation that his "C.O.A. was never adjudicated." The district judge denied complainant's motion for a certificate of appealability less than a month after the motion was filed, and the Ninth Circuit denied a certificate of appealability less than two months after complainant submitted this complaint. This charge is therefore dismissed. *See* 28 U.S.C. § 352(b)(1)(B); Judicial-Conduct Rule 11(c)(1)(A).

Complainant submitted a thick stack of exhibits, including trial testimony, a letter to the clerk concerning the docket number and a photocopied page about the actual innocence doctrine. These exhibits were reviewed to the extent they were referenced in the brief statement of facts and aren't merits-related. The remaining exhibits were disregarded. *See In re Complaint of Judicial Misconduct*, No. 09-90239, 2010 WL 5300813, at *2 (9th Cir. Dec. 28, 2010).

Complainant's supplemental filing alleges that two circuit judges committed misconduct in denying him a certificate of appealability and assigning him the supposedly "bogus" appellate docket number. These are essentially the same charges complainant leveled against the magistrate and district judges in his initial complaint, and they must be dismissed for the same reasons.

**DISMISSED.**