# FOR PUBLICATION

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT<br>OF JUDICIAL MISCONDUCT | Nos. 09-90005,<br>09-90085,<br>09-90148,<br>09-90234,<br>09-90235<br>and<br>09-90236<br>ORDER |

Filed January 24, 2011

---

## ORDER

KOZINSKI, Chief Judge:

Complainant, a pro se litigant, filed four misconduct complaints and seven supplements against four judges assigned to his civil rights cases in district court. One of the complaints must be dismissed because it only challenges the merits of a judge's rulings. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B). This complaint also alleges unspecified "judicial corruption," but such a conclusory allegation can't support a charge of judicial misconduct. *See In re Complaint of Judicial Misconduct*, 569 F.3d 1093, 1093 (9th Cir. 2009).

The other three complaints lack a "[b]rief [s]tatement of [f]acts" that concisely details the alleged misconduct. Judicial-Conduct Rule 6(b). Instead of complying with Rule 6(b), complainant presents hundreds of pages of exhibits, which include court orders from his cases, various motions

1335

he's filed, letters he's sent and "newsletters" he's written. His statements of facts consist entirely of references to these exhibits. For example, one complaint states that the "[f]acts are contained in the attached judge's order, motion for reconsideration, and newsletter emailed/faxed to 230-plus national/state congress members, media, civil rights organizations, etc."

A complainant may not circumvent Rule 6(b)'s requirement of a brief statement of facts by referencing other materials. "The brief statement of facts required by section 351(a) must be prepared specifically for the misconduct proceeding . . . ." *In re Complaint of Judicial Misconduct*, No. 09-90239, slip op. 20,665, 20,665 (9th Cir. Dec. 28, 2010). And the statement must be a self-contained narrative "set[ting] forth the alleged misconduct in a clear and straightforward fashion." *Id.* "Although complainants may attach exhibits . . . [that] directly support the allegations of misconduct or disability," exhibits aren't a substitute for the brief statement of facts required by Rule 6(b). *Id.* at 20,666.

These three complaints would therefore be summarily dismissed but for complainant's supplements. *See id.* at 20,667. A complainant may file supplements to bring to the Council's attention additional misconduct by the subject judge since the filing of the original complaint, or additional evidence of the misconduct alleged in the original complaint. This information will be considered in conjunction with the allegations and evidence in the original complaint in determining whether the complaint supports a finding of misconduct or disability. *See* 28 U.S.C. § 352(a). Some of complainant's supplements contain allegations of misconduct in a format that complies with Rule 6(b).

In these supplements, complainant alleges that three district judges made various improper rulings in his case. While complainant is obviously very unhappy with the judges' rulings, there is a disappointed litigant in almost every case; that is the

nature of the adversarial process. It's inappropriate to seek to relitigate the merits of a case by way of the misconduct process. Therefore, these charges must be dismissed as relating directly to the merits of the judges' rulings. *See* 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B); *In re Charge of Judicial Misconduct*, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982).

Complainant also claims that one of the judges knew that a document was improperly removed from the court file, and that he and two other judges conspired to cover this up. Despite the volume of paper he submits, complainant hasn't provided any objectively verifiable proof to support these allegations. *See In re Complaint of Judicial Misconduct*, 569 F.3d 1093, 1093 (9th Cir. 2009). They must be dismissed as lacking sufficient evidence to support an inference of misconduct. *See* 28 U.S.C. § 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D).

Complainant's allegations against lawyers, court staff and a state judge are dismissed because the misconduct complaint procedure applies only to federal judges. *See* Judicial-Conduct Rule 4.

Even considering the supplements, the complaints don't support a finding of misconduct or disability, so they are all dismissed. *See* 28 U.S.C. § 352(b)(1).

Finally, complainant uses highly abusive language to describe the judges. For example, he refers to the judges as "racketeers," "Sideshow Freak[s]" and "black-robed thugs performing like court jesters." Such invectives do nothing to advance complainant's case. Complainant is cautioned that if he continues to file "repetitive, harassing, or frivolous complaints," or to otherwise "abuse[ ] the complaint procedure," he will be restricted from filing further complaints. Judicial-Conduct Rule 10(a); *see In re Complaint of Judicial Misconduct*, 552 F.3d 1146, 1148 (9th Cir. Jud. Council 2009).

**DISMISSED.**