**FOR PUBLICATION**

**JUDICIAL COUNCIL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| **IN RE COMPLAINT OF** | Nos. 10-90078 and 11-90083 |
| **JUDICIAL MISCONDUCT** | **ORDER** |

**KOZINSKI**, Chief Judge:

A pro se litigant alleges that a magistrate judge "unlawfully granted [defendants'] request for dismissal of all defendants and all causes of action" in several of his civil cases and that a district judge "rubber-stamped" those decisions. These charges relate directly to the merits of the judges' rulings and must therefore be dismissed. See 28 U.S.C. § 352(b)(1)(A)(ii); Judicial-Conduct Rule 11(c)(1)(B); In re Charge of Judicial Misconduct, 685 F.2d 1226, 1227 (9th Cir. Jud. Council 1982).

Complainant further alleges that the judges were corrupt because they never "adjudg[ed] anything against [defendants]," but routinely "dismiss[ed] any pro se complaint for violation of civil rights §1983 against officers." But adverse rulings do not prove bias or conspiracy. See In re Complaint of Judicial Misconduct, 583 F.3d 598, 598 (9th Cir. Jud. Council 2009). Because complainant presented no evidence to support these allegations, they must be dismissed. See 28 U.S.C.

§ 352(b)(1)(A)(iii); Judicial-Conduct Rule 11(c)(1)(D); In re Complaint of Judicial Misconduct, 569 F.3d 1093, 1093 (9th Cir. Jud. Council 2009).

Complainant also alleges that the judges "have been forced on all [of his] cases, even when he requested assignment to different judges."  But, under Ninth Circuit precedent, a litigant has "no right to any particular procedure for the selection of the judge," so long as the judge is chosen "in a manner free from bias or the desire to influence the outcome of the proceedings."  Cruz v. Abbate, 812 F.2d 571, 574 (9th Cir. 1987).  Here, complainant offered no evidence that the judges were even involved in assigning his cases, much less that they acted with an improper motive.  The mere fact that the same judge presided over multiple cases filed by complainant is not proof of misconduct.  Because complainant offers no other evidence to support this claim, this charge must be dismissed.  See In re Complaint of Judicial Misconduct, 632 F.3d at 1287, 1288 (9th Cir. Jud. Council 2011).

Complainant makes various other allegations against the judges, including that the district judge "doctored" a motion "by crossing over 'Addendum' and superimposing 'Reply in Opposition' in handwriting," and that the magistrate judge "issued an incredibly open legal advice to [defendants]" and "intimidat[ed complainant] to not persisting with his motions."  A review of complainant's exhibits reveals no evidence that the judges did anything improper.  See In re

<u>Complaint of Judicial Misconduct</u>, 630 F.3d 968, 969–70 (9th Cir. Jud. Council 2010). Because there is no evidence that misconduct occurred, these claims must be dismissed. <u>See</u> <u>In re Complaint of Judicial Misconduct</u>, 632 F.3d at 1288.

Finally, complainant asserts that "[t]here are too many allegations and proofs against [the magistrate judge], that it would be very superflous [sic] and perfunctory if this complaint were decided on this form and allegations alone." He therefore directs us to order transcripts from one of his underlying cases, because "when substantiated [the charges] would represent a scandalous misconduct by a judicial officer and a stain to the . . . Court." But nowhere in complainant's six-page complaint or ten-page supplement does he explain what specific misconduct those transcripts would reveal, or where within the transcripts the alleged misconduct can be found. <u>Cf.</u> <u>In re Complaint of Judicial Misconduct</u>, 630 F.3d at 969–70. Without pointing to anything specific, complainant's suggestion that we order transcripts isn't proof of misconduct, but rather an invitation for the Judicial Council to conduct a fishing expedition. As we've previously explained, "vague accusations and convoluted demands don't satisfy complainant's obligation to provide objective evidence of misconduct," so this claim must be dismissed. <u>In re Complaint of Judicial Misconduct</u>, 584 F.3d 1230, 1231 (9th Cir. Jud. Council 2009).

**DISMISSED.**