**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD HENDERSON ROBSON, | No.    16-16771 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-03652-NC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted August 28, 2017[**]

Before:  D.W. NELSON, TROTT, and SILVERMAN, Circuit Judges.

Richard H. Robson appeals pro se the district court's decision affirming the

Commissioner of Social Security's denial of his request for reconsideration of the

Social Security Administration's determination of his retirement benefit amount

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

when it granted his application for benefits under a "totalization agreement" between the United States and Canada. This agreement allows a claimant to amass sufficient quarters of work to qualify for retirement benefits by adding foreign credits to his United States credits. *See* 42 U.S.C. § 433(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Robson contends that the district court lacked authority to dismiss his verified complaint because the Commissioner's answer was not verified, and he was entitled to discovery. This contention lacks merit because a verified answer was not required. *See* Fed. R. Civ. P. 11(a) (providing that a pleading need not be verified unless "a rule or statue specifically states otherwise"); 42 U.S.C. § 405(g) (providing that the court shall have power to enter, upon the pleadings and a certified copy of the transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner); *Brown v. Sullivan*, 916 F.2d 492, 494 (9th Cir. 1990) (stating that discovery "is not ordinarily available in social security matters").

The district court correctly concluded that it lacked jurisdiction to consider the four claims asserted in Robson's complaint. *See Dexter v. Colvin*, 731 F.3d 977-980 (9th Cir. 2013) (holding that dismissal of claims for lack of subject matter jurisdiction is reviewed de novo). First, the district court lacked jurisdiction to consider whether the Commissioner's calculation, under 20 C.F.R. § 404.1918, of

2

the amount of Robson's retirement benefit, violated the totalization agreement. This claim went beyond the scope of the administrative record and did not invoke the Constitution. *See* 42 U.S.C. § 405(g) (providing that district courts have jurisdiction to review final decisions of the Commissioner made after a statutorily mandated hearing); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (holding that district courts also have jurisdiction to consider colorable constitutional claims regarding Social Security benefits decisions). Robson's claim possibly could be construed as a claim that the Commissioner's calculation under § 404.1918 deprived him of due process because the regulation is manifestly contrary to the totalization agreement. *See Newman v. Apfel*, 223 F.3d 937, 945-46 (9th Cir. 2000) (setting forth standard for determining whether Social Security regulation should be upheld). Such a claim, however, would not be colorable. *See Klemm*, 543 F.3d at 1144 (holding that a constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous). The totalization agreement provides that retirement benefits are calculated on the basis of a "pro rata primary insurance amount," and § 404.1918 provides a methodology for carrying out this calculation.

Second, Robson did not state a colorable claim that the Commissioner's calculation of his benefit amount violated his vested property rights under the Pension Protection Act and therefore deprived him of due process. *See Klemm*, 543 F.3d at 1144. The Pension Protection Act of 2006, which amended the

3

Employee Retirement Income Security Act, addresses employer-provided pension plans, and therefore does not apply to benefits under the Social Security Act. 120 Stat. 780 (2006); 29 U.S.C. § 1003(a) (providing that ERISA applies to employee benefit plans). Benefits under the Social Security Act are not contractual and do not vest. *Spraic v. U.S. R.R. Ret. Bd.*, 735 F.2d 1208, 1212 (9th Cir. 1984). Their elimination or reduction therefore does not implicate due process. *Id*.

Third, Robson did not state a colorable claim that the Commissioner's calculation of his benefit amount was based on the Windfall Elimination Provision, in violation of due process. *See Klemm*, 543 F.3d at 1144. The Windfall Elimination Provision reduces a Social Security retirement benefit when a claimant is simultaneously receiving another similar benefit. 42 U.S.C. § 415(a)(7); *see Das v. Dep't of Health & Human Servs.*, 17 F.3d 1250, 1255-56 (9th Cir. 1994) (upholding constitutionality of provision). Here, though, the Social Security Administration did not apply the Windfall Elimination Provision, but rather calculated Robson's benefit amount pursuant to 20 C.F.R. § 404.1918. Robson argues that § 404.1918, which he calls the "Alternative to WEP formula," should not have been applied because it was not ratified by Congress and is unfair. This argument lacks merit because the Social Security Act authorizes the Commissioner to "make rules and regulations and establish procedures which are reasonable and necessary to implement and administer any [totalization] agreement." 42 U.S.C. §

4

433(d); *see Newman*, 223 F.3d at 945-46 (upholding Social Security regulation). In addition, the regulation, § 404.1918, is not arbitrary, capricious, or manifestly contrary to the Social Security Act or the totalization agreement. *See Newman*, 223 F.3d at 945-46. The Act provides that the benefit amount is based on the proportion of quarters of coverage that were completed under the United States social security program, 42 U.S.C. § 433(c)(1)(C); the totalization agreement provides that the benefit amount is calculated on the basis of a "pro rata primary insurance amount;" and § 404.1918 provides a methodology for carrying out this calculation.

Finally, the district court did not err in dismissing Robson's claim that he was denied due process because the Commissioner gave him insufficient notice of the amount of his retirement benefit pursuant to the totalization agreement and 20 C.F.R. § 404.1918. In his request for reconsideration of the initial benefits decision, Robson alleged that his local Social Security office provided misleading information about the amount of retirement benefits he might receive. He also testified about the information he received prior to filing his benefit application. Robson, however, received notice of the benefits decision and an opportunity to be heard on reconsideration and at the hearing before the ALJ. Accordingly, he did not state a colorable due process claim. *See Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (holding that due process requires that a claimant receive

meaningful notice and an opportunity to be heard before his claim for benefits may be denied).

Robson's disagreement with the district court's rulings does not establish judicial misconduct. *See In re Complaint of Judicial Misconduct*, 650 F.3d 1370, 1371 (9th Cir. 2011).

**AFFIRMED.**