### In re COMPLAINT OF JUDICIAL MISCONDUCT.

No. 03–89057.

United States Court of Appeals, Ninth Circuit.

May 5, 2004.

Before ALARCÓN,\* KOZINSKI, KLEINFELD, A. TASHIMA, and W.A. FLETCHER, Circuit Judges, and PATEL,\*\* COUGHENOUR, EZRA, SHANSTROM, and LEVI,\* District Judges.

TASHIMA, Circuit Judge.

This is a petition for review of the dismissal of a judicial misconduct complaint. The Judicial Council of the Ninth Circuit (Council) has jurisdiction under 28 U.S.C. § 352(c), and we deny the petition, albeit on a different ground than that relied on by the Chief Judge.

The complainant (Complainant) is a former provisional employee of the United States Probation Office, of a district court in this circuit. Complainant was terminated from employment by the Probation Department and she appealed her termination to the chief district judge, who upheld the termination.[1] Complainant then appealed the chief judge's determination, and the matter was assigned to a court committee for review. The committee also upheld the termination.

Complainant then filed a judicial misconduct complaint against the chief district judge and the district judge who chaired the review committee, alleging that they abused their authority, denied her due process, and had a conflict of interest. The complaint was referred to the Chief Judge of the Circuit for review, pursuant to 28 U.S.C. § 352(a). Upon review, the Chief Judge dismissed the complaint for failing to allege conduct that would constitute judicial misconduct and for a lack of evidence that would support a finding of misconduct. See 28 U.S.C. § 352(b)(1)(A)(iii); Rule 4(c)(2)(A) of the Judicial Council of the Ninth Circuit Governing Complaints of Judicial Misconduct or Disability ("Misconduct Rules").[2]

The Judicial Councils Reform and Judicial Conduct and Disability Act of 1980, enacting former 28 U.S.C. § 372(c), was designed "to establish a procedure for the processing of complaints directed against Federal judges." S.Rep. No. 96–362, at 1 (1980), reprinted in 1980 U.S.C.C.A.N. 4315, 4315. That statute was amended by the Judicial Improvements Act of 2002, 28 U.S.C. §§ 351–364. The statute allows any person to file a complaint alleging, inter alia, that "a judge has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 351(a). The phrase, "conduct prejudicial to the effective and expeditious administration of the business of the courts," admittedly,

> is not a precise term. It includes such things as use of the judge's office to obtain special treatment for friends and relatives, acceptance of bribes, improperly engaging in discussions with lawyers or parties to cases in the absence of representatives of opposing parties, and other abuses of judicial office.

Misconduct Rule 1(c). Despite the imprecision of the language, however, it is clear that it is intended to deal with misconduct relating to the judicial office or judicial conduct.

The legislative history of the statute states that "[c]omplaints relating to the conduct of a member of the judiciary which are not connected with the judicial office or which do not affect the administration of justice are without jurisdiction

---

\* Judges Alarcón and Levi did not participate in the disposition of this matter.

\*\* Judge Patel was recused and did not participate in the disposition of this matter.

1. Probation officers are appointed by and employees of the district court. 18 U.S.C. § 3602.

2. The Misconduct Rules were adopted by the Council pursuant to 28 U.S.C. § 358.

and therefore outside the scope of this legislation." S.Rep. No. 96–362, at 3, *reprinted in* 1980 U.S.C.C.A.N. at 4317. The phrase, "effective and expeditious administration of the business of the courts," was "intended to include willful misconduct in office, willful and persistent failure to perform duties of the office, habitual intemperance, and other conduct prejudicial to the administration of justice that brings the judicial office into disrepute." *Id.* at 9, *reprinted in* 1980 U.S.C.C.A.N. at 4323. Congress intended that the judicial council dismiss any complaint outside the scope of its jurisdiction. *Id.* at 8, *reprinted in* 1980 U.S.C.C.A.N. at 4322.

 In the context of judicial immunity from suit, we have identified several factors to help determine whether an act is judicial or non-judicial in nature—whether: (1) the act is a normal judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered around a case then pending before the judge, and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir.2001); *Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir.1999). Personnel decisions are administrative functions, not judicial functions. *See Meek*, 183 F.3d at 967–68 (concluding that the decision to terminate a "subordinate judicial employee" was an administrative decision).

"Administrative decisions, even though they may be essential to the very functioning of the courts, have not ... been regarded as judicial acts." *Forrester v. White*, 484 U.S. 219, 228, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). In *Forrester*, the Supreme Court concluded that a judge was acting in an administrative, not a ju-

dicial, capacity when he demoted and discharged a probation officer and therefore was not entitled to absolute immunity from suit in an action under 42 U.S.C. § 1983. *Id.* at 229–30, 108 S.Ct. 538. The Court reasoned that personnel matters, "like many others involved in supervising court employees and overseeing the efficient operation of a court—may have been quite important in providing the necessary conditions of a sound adjudicative system. The decisions at issue, however, were not themselves judicial or adjudicative." *Id.* at 229, 108 S.Ct. 538.

Similar to the judicial immunity context, we conclude that Complainant cannot pursue her personnel matter through the judicial misconduct procedure because routine personnel decisions involving court employees are the kind of administrative function that does not directly implicate the "effective and expeditious administration of the business of the courts." As such, the conduct complained of was "not connected with the judicial office." S.Rep. No. 96–362, at 3, *reprinted in* 1980 U.S.C.C.A.N. at 4317. Accordingly, we conclude that the Council and the Chief Judge lack jurisdiction over the judicial misconduct complaint and we affirm the Chief Judge's dismissal of the complaint for that reason. We need not, and do not, reach the broader issue of whether all action which could be classified as "administrative" is outside the scope of the judicial misconduct complaint procedure.

*In re Charge of Judicial Misconduct or Disability*, 39 F.3d 374 (D.C.Cir.1994), is not to the contrary. There, the Chief Judge of the District of Columbia Circuit addressed whether the administrative duties of the Special Division of the United States Court of Appeals for the District of Columbia Circuit were duties within the ambit of the Judicial Misconduct Act.[3] Ulti-

---

3. The duties of the Special Division were classified as "administrative" because those

duties—to appoint and oversee independent counsel—were exercised under Article II of

mately, the Chief Judge did not decide the issue, but recognized, as we do, that "[t]he legislative history and scholarly comments on the Judicial Councils Act support the view that section 372(c) was not intended to reach all allegations of misconduct, even those unrelated to the exercise of judicial power." [4] *Id.* at 379. "Consistent with this ... reading of the 'prejudicial conduct' standard, a number of Chief Judges and Judicial Councils have dismissed complaints alleging misconduct not directly related to judicial activities...." *Id.* (citing Richard L. Marcus, *Who Should Discipline Federal Judges and How?*, 149 F.R.D. 375, 404–07 (1993) (citing dismissal orders)).

### PETITION FOR REVIEW DENIED.

KLEINFELD, Circuit Judge, concurring in the result:

I concur in the result reached by the majority. Rather than deciding as a general matter whether judicial misconduct can be found in routine personnel deci-

the Constitution. That the exercise of high-level Article II powers by Article III judges, even though classified as "administrative," might be subject to the Judicial Misconduct Statute is neither surprising nor does it detract from excluding routine personnel decisions from the act.

4. In *In re Cudahy*, 294 F.3d 947 (7th Cir. 2002), the Acting Chief Judge of the Seventh Circuit stated that "although the function of the Special Division is administrative rather than judicial, nonjudicial conduct by a judge can be 'prejudicial to the effective and expeditious administration of the business of the courts' and thus fall within the purview of section 372(c)." *Id.* at 950 (citing *In re Charge of Judicial Misconduct*, 39 F.3d at 378). *In re Charge of Judicial Misconduct*, however, does not directly support the proposition. First, the case clearly states that it is proceeding on the basis of assumed jurisdiction. 39 F.3d at 378 ("I will assume, for the purpose of reviewing the pending complaints,

sions, I would affirm the Chief Judge's decision for the reasons she gave.

that the Judicial Council of the District of Columbia Circuit has jurisdiction to consider this case."). Second, the opinion states that "[i]n the instant case, it is unnecessary to determine the breadth of the statutory standard in order to dispose of the pending complaints." *Id.* at 379. Moreover, later in the opinion, *In re Cudahy* qualifies its statement by holding on the merits that Judge Cudahy did not violate the judicial misconduct statute, because conduct engaged pursuant to Article II administrative powers "presumably would not be a breach of judicial ethics" because it is administrative, not judicial, and, thus, not a violation of the misconduct statute. 294 F.3d at 953.