# FOR PUBLICATION

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

IN RE COMPLAINT
OF JUDICIAL MISCONDUCT

No. 11-90135
ORDER

Filed August 24, 2012

## ORDER

KOZINSKI, Chief Judge:

Complainant alleges that a district judge mishandled the termination of two former employees and interfered with one of the employee's efforts to get a new job. Complainant is not one of the employees and claims no direct knowledge of these allegations.

"Personnel decisions are administrative functions, not judicial functions." *In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004). Though such decisions "may be essential to the very functioning of the courts, [they] have not . . . been regarded as judicial acts." *Forrester* v. *White*, 484 U.S. 219, 228 (1988). It is possible, nonetheless, for a judge to commit judicial misconduct when performing administrative functions, such as by engaging in embezzlement or sexual harassment. But any such charges of misconduct must allege more than disagreement with the judge's administrative decision. The complaint must document conduct by the judge that is wrongful, independent of whether the judge's decision is correct. The misconduct process cannot be used to second-guess the judge's administrative decision; nor can it result in a reversal of that decision.

9635

Even if complainant's allegations were true, they don't amount to misconduct. Complainant alleges that the judge fired the employees, but then "claim[ed] untruthfully that each had 'voluntarily' terminated their employment." Giving employees the option of voluntary separation in lieu of termination isn't uncommon or improper. It is often beneficial to the employee who can avoid the taint of an involuntary separation, and saves the employer the time, trouble and delay of a grievance. This is a useful management tool, not misconduct.

Complainant also alleges that the judge ordered other employees not to talk to the terminated employees on pain of being fired. But limiting whom employees may speak to, on and off the job, can be a legitimate management prerogative. For example, judges may forbid court employees from having private conversations with litigants or lawyers about pending cases. This prerogative can be exercised too broadly, but it does not amount to misconduct unless it is done for an improper motive, such as covering up wrongdoing. Complainant here has alleged no improper motive or other wrongdoing.

Complainant alleges other irregularities in the termination process, but, even if true, they would amount to no more than errors of the type that must be corrected, if at all, through the grievance process.

Finally, complainant alleges that the judge told one of the employees that he would disclose the employee's performance issues to prospective employers. Telling potential employers about past performance issues isn't improper. Indeed, employers often serve as references for former employees by writing recommendations or responding to queries from potential employers. It is not misconduct to let employees know that their performance will be reported to prospective employers.

Because complainant's charges wouldn't constitute misconduct even if true, the complaint is dismissed as groundless.

*See In re Complaint of Judicial Misconduct*, 569 F.3d 1093, 1093 (9th Cir. 2009); Judicial-Conduct Rule 11(c)(1)(A).

**DISMISSED.**