FILED

AUG 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR PUBLICATION**

**JUDICIAL COUNCIL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| IN RE COMPLAINT OF | No. 13-90031 |
| JUDICIAL MISCONDUCT | ORDER |

**KOZINSKI**, Chief Judge:

Complainant, principal owner of a financial group, alleges that a bankruptcy judge refused to appoint the group as an advisor in two bankruptcy cases due to personal animus. Complainant claims that the animus arises out of a previous case where the financial group was appointed as an advisor to the bankruptcy estate. In that case, the judge entered multiple orders approving the financial group's appointment. Each of the orders included a monthly cap on the fees the financial group was entitled to bill, but the group substantially exceeded these caps almost every month it was retained. When it came time for the judge to approve the group's final fee application, he denied any fees in excess of the capped limits. Then, in two subsequent cases, the judge cited the group's failure to comply with these orders as his reason for denying its appointment as advisor. The judge has made it clear that he will not appoint the group in future cases.

The decision whether to approve the appointment of a professional to deliver services to a bankruptcy estate is a merits ruling that is not normally second-guessed in a judicial misconduct proceeding.  See Commentary to Judicial-Conduct Rule 3 ("Any allegation that calls into question the correctness of an official action of a judge—without more—is merits-related"); In re Complaint of Judicial Misconduct, 583 F.3d 598, 598 (9th Cir. 2009) ("[C]laims [that] relate to the merits of the judge's rulings . . . must . . . be dismissed").  However, a merits ruling may constitute misconduct if it is influenced by an invidious factor or an impermissible motive.  See Commentary to Judicial-Conduct Rule 3 ("[a]n allegation that a judge ruled against the complainant because the complainant is a member of a particular racial or ethnic group, or because the judge dislikes the complainant personally" is cognizable as misconduct).

Complainant seeks to show impermissible motive by noting that the judge's fees order in the original case was reversed on appeal.  In his view, the reversal shows that the judge erred in imposing the fee caps and, therefore, the judge's unhappiness with the financial group's failure to adhere to the caps is unreasonable and constitutes personal animus.  Complainant also points to the judge's comments following reversal and when he denied appointment in the two subsequent cases: On all three occasions, the judge expressed chagrin that the financial group

prevailed on appeal based on what the judge characterized as a technicality.

Before turning to the question of motive, I note that a judge's public comments can themselves constitute misconduct if they are sufficiently rude, derogatory or intemperate. See Judicial-Conduct Rule 3(h)(1)(D) ("Misconduct includes . . . treating litigants or attorneys in a demonstrably egregious and hostile manner"). The comments here do not meet that standard. The judge did not use demeaning language or heap abuse on anybody. His statements were blunt but measured expressions of frustration with having his orders disregarded by someone in whom he had placed confidence. For example, in one case where the judge refused to appoint the financial group, he said, "Find somebody else. . . . There's no question in my mind that they violated [my] order [in a previous case] regardless of what the BAP did. . . . I don't have confidence in them." In another case he said, "I've had a history with them of them not following court orders in my opinion and I'm not going to appoint [them]. . . . They violated [my order in a previous case]. For technical reasons I got reversed, but I'm not hiring them in this case. I have no confidence in their abilities." These comments were not rude or intemperate; they forthrightly reflected the judge's lack of trust in the group based on its prior conduct.

Nor do the judge's comments reflect an impermissible motive. In making a

discretionary appointment to a position of trust, a judge may rely on his own prior experience with the applicants for the appointment. The judge's refusal to appoint the financial group in subsequent cases was consistent with his observation that it had disregarded his orders in the past and he could therefore not trust them to perform faithfully in the future. While the judge was reversed for basing his decision on the wrong statutory provision, the reviewing court left open the possibility that he could have limited the financial group's fees, had he relied on a different code section. The judge was thus justified in believing that his limitation was substantively sound and should have been complied with by the financial group. It was not misconduct, or even wrong, for the judge to consider the group's repeated refusal to abide by the financial limits he set in a past case in making future appointments. Indeed, it would have been irresponsible for the judge to disregard the group's prior record.

Complainant's allegations of misconduct are dismissed as unsupported. See 28 U.S.C. § 352(b)(1)(A)(iii); In re Complaint of Judicial Misconduct, 569 F.3d 1093, 1093 (9th Cir. 2009).

**DISMISSED.**