FOR PUBLICATION

# JUDICIAL COUNCIL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| IN RE COMPLAINT OF JUDICIAL MISCONDUCT | No. 18-90084 |
| | ORDER |

Filed October 18, 2018

## ORDER

THOMAS, Chief Judge:

Complainant, a paralegal assisting an attorney in a prisoner civil rights action, has filed a complaint of judicial misconduct against a district judge. Review of this complaint is governed by the Rules for Judicial Conduct and Judicial-Disability Proceedings ("Judicial-Conduct Rules"), the federal statutes addressing judicial conduct and disability, 28 U.S.C. § 351 *et seq*., and relevant prior decisions of the Ninth Circuit Judicial Council. In accordance with these authorities, the names of complainant and the subject judge shall not be disclosed in this order. *See* Judicial-Conduct Rule 11(g)(2).

The Judicial Conduct and Disability Act provides a remedy if a federal judge "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts." 28 U.S.C. § 351(a). A chief judge may dismiss a complaint if, following review, he or she finds that it is not cognizable under the statute, is directly related to the

merits of a decision or procedural ruling, or is frivolous or lacks sufficient evidence to raise an inference of misconduct. *See* 28 U.S.C. § 352(b)(1)(A)(i)–(iii). Judicial misconduct proceedings are not a substitute for the normal appellate review process, and may not be used to seek reversal of a judge's decision, to obtain a new trial, or to request reassignment to a different judge.

Complainant states that he is a former prisoner whose parole conditions prohibit him from having contact with other felons, but that there is an exception for contact that is directly related to his employment. Complainant further alleges that he gained approval from his parole officer to participate as a legal assistant in the underlying civil rights trial. According to complainant, during a jury recess on the second day of trial, a U.S. Marshal informed the judge that complainant is an ex-felon on parole, and that complainant may have violated his parole terms by having contact with the plaintiff in the underlying case. Complainant alleges that the judge "went on a tirade" about complainant's ex-felon status, refused to acknowledge complainant or counsel's explanation that contact with other felons was permitted for employment purposes, and that the judge ordered complainant to exit the courthouse.

Pursuant to a limited inquiry under Judicial-Conduct Rule 11(b), the subject judge was asked to respond to complainant's allegations. According to the judge, during a lunch break, the Marshal informed him that a correctional officer escorting the plaintiff recognized complainant as a convicted felon on parole who was prohibited from having contact with other felons. The Marshal also advised the judge that he telephoned a sergeant at the parole office, who told the Marshal that associating with a known felon would violate

complainant's parole conditions, and that complainant needed to report to his parole officer immediately. The judge asked the Marshal to repeat this information in open court, outside the presence of the jury, and allowed counsel an opportunity to respond. Ultimately, the judge ordered complainant to vacate the courtroom and building, noting that the judge had not been informed previously of complainant's parole status, that complainant had been sitting immediately next to the plaintiff (who was in leg restraints due to security concerns), and that it was a violation of the judge's courtroom standards to allow a convicted felon to confer confidentially with an in-custody plaintiff during trial.

The relevant hearing transcript has also been reviewed as part of a limited inquiry. The transcript shows the following: the subject judge was not advised of complainant's felony conviction or parole status until after trial had commenced; complainant had been seated immediately next to the in-custody plaintiff and conferring with him confidentially during the proceedings; there were security concerns at the trial, requiring the plaintiff to be restrained; the judge was informed—accurately or not—that complainant may have violated his parole conditions by associating with a felon; and according to the judge's on-record statements, it violated his courtroom standards to have a convicted felon conferring directly with an incarcerated and restrained plaintiff.

A restriction on persons attending a public criminal trial can present serious issues. The "right to attend criminal trials is implicit in the guarantees of the First Amendment." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980). Further, removal of anyone during a criminal trial without just cause, particularly an individual purportedly assisting a defendant, can also be problematic and pose due

process concerns.  *See*, *e.g.*, *United States v. Elder*, 309 F.3d 519, 520 (9th Cir. 2002).  However, "judges are allowed great latitude in decisions about courtroom security," *In re Complaint of Judicial Misconduct*, No. 16-90139 (9th Cir. Jud. Council May 9, 2017).  *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates . . . . These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (internal quotations omitted); *U.S. v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) ("judges exercise substantial discretion over what happens inside the courtroom . . . . We have accepted that all federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively") (internal quotations omitted).

As always, in assessing these matters, context is important.  Here, the judge had to make a quick security decision about a matter that was brought to the judge's attention by the U.S. Marshal Service during a jury recess.  If the judge had been fully informed before trial of complainant's circumstances, his decision may well have been different, and the judge acknowledges that other judges may have come to a different conclusion.  It also appears that a mis-communication, combined with the late disclosure of complainant's parole status, may have contributed to complainant's removal.  Based on the information available to the judge at the time, the circumstances and timing of its disclosure, and the time constraints imposed by the trial, it cannot be said that the judge's conduct was "prejudicial to the effective and expeditious administration of the business of the

courts." 28 U.S.C. § 351(a). Moreover, a review of the underlying record shows that the judge did not treat complainant or counsel in a "demonstrably egregious and hostile manner." Judicial-Conduct Rule 3(h)(1)(D); *see also In re Complaint of Judicial Misconduct*, 761 F.3d 1097, 1099 (9th Cir. Jud. Council 2014) ("Misconduct includes treating litigants or attorneys in a demonstrably egregious and hostile manner. The comments here do not meet that standard. The judge did not use demeaning language or heap abuse on anybody") (internal quotations omitted). Accordingly, these allegations must be dismissed. *See* 28 U.S.C. § 352(b)(1)(A)(iii), (b)(1)(B); *In re Complaint of Judicial Misconduct*, 726 F.3d 1060, 1062 (9th Cir. Jud. Council 2013); Judicial-Conduct Rule 11(c)(1)(A), (D).

To the extent complainant requests clarification on whether he is permitted to re-enter the federal courthouse, this question must be addressed to the subject judge, as such relief is not available in these misconduct proceedings. *See* 28 U.S.C. § 354(a)(2); Judicial-Conduct Rule 11(a).

**DISMISSED.**